CRANCER v BOARD OF REGENTS OF THE UNIVERSITY OF
MICHIGAN

Docket No. 86107. Submitted October 1, 1986, at Marquette. Decided
December 16, 1986. Leave to appeal denied, 428 Mich —.

Amy J. Crancer brought an action in Washtenaw Circuit Court
against the Board of Regents of the University of Michigan,
claiming that she was psychologically handicapped and that the
university had violated her civil rights by denying her admission into the doctoral program in English language and literature. Plaintiff claimed, in essence, that she had previously had
periods of psychiatric hospitalization, that she presently suffered from post traumatic stress disorder which resulted from
stress associated with her prior psychiatric hospitalization, and
that the uncertainty of admission to the doctoral program
triggered the post traumatic stress disorder. Plaintiff further
claimed that the university should have accommodated her by
provisionally accepting her into the doctoral program, thereby
eliminating the stress which led to the disorder, which in turn
would have permitted her to satisfactorily perform in the
masters program she was already in. Defendant moved for
summary disposition. The trial court, Patrick J. Conlin, J.,
granted the motion, holding that plaintiff was not protected by
the Handicappers' Civil Rights Act, that the Handicappers'
Civil Rights Act imposed on defendant no obligation to act in
the manner plaintiff requested, and that the duty of accommodation proposed by plaintiff would have been unduly burdensome on defendant. Plaintiff appealed.

The Court of Appeals *held:*

1. To make a *prima facie* showing that one is entitled to
relief under the educational institution provision of the Handicappers' Civil Rights Act one must show: (1) that he or she is a
handicapped person within the meaning of the act; (2) that he

REFERENCES

Am Jur 2d, Civil Rights §§ 92.5, 270, 271.

Actions, under 42 USCS § 1983, for violations of federal statutes
pertaining to rights of handicapped persons. 63 ALR Fed 215.

See also the annotations in the Index to Annotations under Discrimination; Schools and Education.

or she is qualified for the educational opportunity sought in spite of the handicap; and (3) that he or she was not being afforded an equal opportunity to secure the educational opportunity as other applicants.

2. Plaintiff failed to establish that she was a handicapped person within the meaning of the Handicappers' Civil Rights Act.

3. A determination by an institution of higher education not to alter its admission policy will not be overturned by the courts absent a showing that the admission policy serves little purpose other than to deny an education to handicapped persons.

4. Since plaintiff failed to establish that she was qualified for the doctoral program she sought but for her alleged handicap, the defendant had no duty to make accommodation for her.

Affirmed.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EDUCATIONAL INSTITUTIONS — EQUAL EDUCATIONAL OPPORTUNITIES.

A person seeking to make a prima facie showing of a violation of the person's rights under the Handicappers' Civil Rights Act by an educational institution must show: (1) that he or she is a handicapped person within the meaning of the act; (2) that he or she is qualified for the educational opportunity sought in spite of the handicap; and (3) that, in spite of those qualifications, he or she is not being afforded an equal opportunity to secure the educational opportunity as other applicants (MCL 37.1402[a]; MSA 3.550[402][a]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EDUCATIONAL INSTITUTIONS.

Courts, in considering a claim of violation of the Handicappers' Civil Rights Act by an educational institution by its failure to alter its policy of admission, will give judicial deference to the educational institution's evaluation of the necessity for the admission policy and will overturn the admission policy only where the admissions standards serve little purpose other than to deny an education to handicapped persons (MCL 37.1402; MSA 3.550[402]).

*Deming, Hughey, Lewis, Keiser, Allen & Chapman, P.C. (by Thomas C. Richardson), for plaintiff.*

*Butzel, Long, Gust, Klein & Van Zile (by Robert M. Vercruysse and John D. Gullen), for defendant.*

Before: Allen, P.J., and Cynar and R. C. Livo,* JJ.

R. C. Livo, J. Plaintiff appeals from an order of the circuit court dismissing her claim pursuant to MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted under the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.*

The trial court held that plaintiff was not a handicapper protected by the HCRA, that the HCRA imposed no duty on defendant such as that asserted by plaintiff, and that, the validity of the duty notwithstanding, the duty of accommodation proposed by plaintiff would be unduly burdensome to defendant. We affirm.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal basis of the complaint, not the plaintiff's ability to prove her allegations. We must rely on the pleadings alone and accept as true all well-pleaded facts, along with any inferences or conclusions which may fairly be drawn from those facts. We will not affirm the grant, or reverse the denial, of a motion for summary disposition unless a plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly furnish a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984).

I

Plaintiff claims that she was denied her civil rights by defendant's denial of her admission into the University of Michigan Doctoral Program of English Language and Literature.

Plaintiff alleges that she applied for admission

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to the program in late January, 1985, but was denied admission by a letter dated March 13, 1985.

Plaintiff alleges that from 1972 to 1977 she went through a series of psychiatric hospitalizations. In 1977, she graduated from high school. She received her undergraduate degree from the University of Michigan in 1981 in economics and English, and has enrolled in the Masters Program in English Language and Literature at the University of Michigan.

Plaintiff alleges that she suffers from Post Traumatic Stress Disorder (PTSD), for which she is receiving weekly psychiatric care. PTSD is a reexperiencing of trauma as a result of stress which can be associated with the prior trauma, in plaintiff's case, her psychiatric hospitalization. Plaintiff alleges that the uncertainty of admission to the doctoral program causes her stress because it "resurrects in her mind the lack of control of her own destiny which occurred during her periods of psychiatric hospitalization" and because of her "real or imagined fear that she is being discriminated against due to the employment of subjective criteria for admission into the Ph.D. program . . . when subjective criteria could include the knowledge of her prior psychiatric hospitalizations."

Plaintiff further alleges that that stress "could have been eliminated" if defendant would have accommodated her by provisionally accepting her, pursuant to her request, prior to winter term, 1985, as a Ph.D. candidate, "provided that she would have attained a minimum grade point average over the minimum grade point average over the graduate program of other candidates to the Ph.D. program," that she satisfactorily complete the masters program, satisfactorily complete her "Proseminar" obligation, and receive a favorable evaluation from her Proseminar instructor. Plain-

tiff claims that her failure to qualify was due to her inability to satisfactorily perform in the masters program because of the anxiety over her ultimate admission to the Ph.D. program.

II

The HCRA essentially guarantees handicappers opportunities without discrimination, stating:

> (1) The opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a handicap is guaranteed by this act and is a civil right.
>
> (2) A person shall accommodate a handicapper for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship. [MCL 37.1102; MSA 3.550(102).]

In her complaint, plaintiff alleged that defendant violated § 402 of Article 4 of the HCRA, which reads:

> An educational institution shall not do any of the following:
>
> (a) Discriminate in any manner in the full utilization of or benefit from the institution, or the services provided and rendered by the institution to an individual because of a handicap that is unrelated to the individual's ability to utilize and benefit from the institution or its services, or because of the use by an individual of adaptive devices or aids. [MCL 37.1402; MSA 3.550(402).]

The act defines "handicap" as follows for purposes of Article 4 of the HCRA:

> (b) "Handicap" means a determinable physical or mental characteristic of an individual or a

history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

*  *  *

(iii) . . . is unrelated to the individual's ability to utilize and benefit from educational opportunities, programs, and facilities at an educational institution. [MCL 37.1103; MSA 3.550(103).]

Only certain conditions fall within the definition of "mental characteristic":

"Mental characteristic" is limited to mental retardation which is significantly subaverage general intellectual functioning and to a mentally ill restored condition . . . . [MCL 37.1103(d); MSA 3.550(103)(d).]

We believe that, in order to make out a prima facie case based on a violation of Article 4 of the HCRA, a plaintiff must show (1) that she is a "handicapped person" under the HCRA, (2) that she is qualified for the educational opportunity sought in spite of her handicap, and (3) that, in spite of the above qualifications, she is not being afforded an equal opportunity to secure the educational opportunity as other applicants. See *Carr v General Motors Corp,* 425 Mich 313; 389 NW2d 686 (1986). We address the allegations in plaintiff's complaint with reference to this prima facie showing.

III

Because plaintiff has alleged no physical malady, her claim must rest on showing that her alleged handicap is a "mental characteristic" as defined in MCL 37.1103(d); MSA 3.550(103)(d). Further, because nothing in the complaint would support a

finding that plaintiff is mentally retarded, she must plead facts showing that her mental characteristic is a "mentally ill restored condition." We find that her pleading fails in this regard.

Instead of pleading that hers is a mentally ill restored condition, plaintiff alleges that defendant discriminated against her because she suffered from PTSD at the time she sought a conditional admission to the university's doctoral program. Indeed, she claimed that, absent her conditional admission, her current PTSD made it impossible for her to qualify for admission.

In her brief on appeal, plaintiff argues that her hospitalizations and psychiatric diagnoses during her adolescence constitute a "history of the characteristic" as that phrase is used in the definition of "handicapped." MCL 37.1103(b); MSA 3.550(103)(b). However, we do not believe that even a liberal reading of plaintiff's complaint reveals such an allegation. Instead, she alleged that the hospitalizations were a traumatic experience causing her PTSD.

IV

Plaintiff's claim of discrimination, as evidenced by her complaint, has turned the pleading of a prima facie discrimination case almost on its head. Plaintiff claims, in essence, that she did not qualify for the doctoral program because the university failed to accommodate her by setting up a special admission standard based solely on objective criteria.

We note initially that any claim brought under Article 4 of the HCRA which is based on the refusal of an institution of higher education to alter its policy of admissions will be subject to the judicial deference which is given to the evaluation made

by the institution itself, absent proof that its standards serve little purpose other than to deny an education to handicapped persons. See *Board of Curators of the University of Missouri v Horowitz,* 435 US 78, 92; 98 S Ct 948; 55 L Ed 2d 124 (1978); *Doe v New York University,* 666 F2d 761 (CA 2, 1981) (construing § 504 of the Federal Rehabilitation Act, 29 USC 794).

Plaintiff makes no claim that the criteria which she sought to establish for "provisional acceptance" should qualify any applicant for acceptance. Her allegation that she could not qualify scholastically absent the apparently unprecedented premature determination of her qualifications is insufficient to state a claim that she was not afforded equal opportunity. Establishment of individual criteria for qualification is action not required by the HCRA. See *Carr, supra.* In short, the necessary claim that plaintiff would qualify in spite of her handicap finds no support in her pleadings.

The duty to accommodate relied upon by plaintiff, MCL 37.1102(2); MSA 3.550(102)(2), relates only to the institution's duty to be certain that opportunities for which a handicapper otherwise qualifies are not foreclosed by practical difficulties tangential to qualification for the educational opportunity sought. *Carr, supra,* p 321. As such, we believe that the duty relates properly to only the third prong of pleading a prima facie case: that, in spite of her qualifications, plaintiff was not afforded an opportunity equal to that of other candidates. The duty to accommodate is necessarily dependent on establishment of the first two prongs; we believe that a prima facie showing of the failure to accommodate is made by establishing that a handicapped individual who qualifies in spite of her handicap is not being afforded an

equal opportunity to obtain the educational opportunity as other candidates. Plaintiff's claim that the university must "accommodate" her by altering its admissions policy puts the "cart before the horse."

Because we find that plaintiff has failed to plead a prima facie case, and that the university's MCR 2.116(C)(8) motion for summary disposition was thus properly granted, we decline to review the trial court's holding that the duty of accommodation proposed by plaintiff would be unduly burdensome to the university, a holding founded in documentary evidence outside the pleadings.

Affirmed.