BELANGER & SONS, INC v DEPARTMENT OF STATE

Docket No. 104141. Submitted November 15, 1988, at Lansing. Decided March 20, 1989. Leave to appeal applied for.

Belanger & Sons, Inc., doing business as Jerry's Auto Sales, James Belanger and Girard Belanger brought a tort action in the Court of Claims against the Department of State. Plaintiffs, whose license to operate an automobile dealership had been suspended by the Secretary of State for violations of the Michigan Vehicle Code, alleged that an employee of defendant had engaged in ultra vires actions in enforcing the suspension by locking plaintiffs' premises and prohibiting all business activities, even those which did not require a license. The trial court, Peter D. Houk, J., granted summary disposition in favor of defendant, ruling that the action is barred by governmental immunity. Plaintiffs appealed.

The Court of Appeals *held:*

A governmental agency is not immune from tort liability for injury or damage incurred as a result of ultra vires activity by the agency. In this case, the Secretary of State's authority to provide for the licensing of vehicle dealers is derived from the Michigan Vehicle Code, which requires that vehicle dealers be licensed and provides that such license may be denied, suspended or revoked by the Secretary of State. However, the vehicle code makes no provision for the enforcement of a suspension of a vehicle dealer's license. The trial court erred in granting summary disposition since plaintiffs' allegations, if proven, may establish that defendant was acting outside the scope of its authority in enforcing the suspension of plaintiffs' license.

Reversed.

GOVERNMENTAL IMMUNITY — ULTRA VIRES ACTS.

A governmental agency is not immune from tort liability for injury or damage incurred as a result of ultra vires activity by the agency.

REFERENCES

Am Jur 2d, States, Territories, and Dependencies § 100.

See the Index to Annotations under Governmental Immunity or Privilege.

*Fortino, Plaxton & Moskal* (by *John J. Moskal*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frederick H. Hoffecker,* Assistant Attorney General, for defendant.

Before: SHEPHERD, P.J., and GRIBBS and G. S. ALLEN,* JJ.

GRIBBS, J. Plaintiffs appeal as of right from the trial court's order granting defendant's motion for summary disposition on the grounds of governmental immunity. MCR 2.116(C)(7), (8). We reverse.

Plaintiffs are licensed by defendant Michigan Department of State as an automobile dealer. Plaintiffs were charged with violations of the Michigan Vehicle Code and, following a hearing, the Secretary of State suspended plaintiffs' "dealer license and all privileges attendant with [plaintiffs'] buying, selling, brokering and dealing in vehicles" for a period of seventeen business days commencing December 1, 1986. Plaintiffs did not appeal and do not challenge this order. However, plaintiffs claim that defendant, for the supposed purpose of enforcing the suspension, went beyond the authority granted to defendant by statute.

According to plaintiffs' amended complaint, defendant's employee and representative did the following ultra vires acts: locked and bolted plaintiffs' place of business for the duration of the suspension period; prohibited plaintiffs from removing parts on vehicles already owned by plaintiffs; prohibited plaintiffs from selling any vehicle parts; prohibited plaintiffs from moving vehicles

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

already owned by plaintiffs; prohibited plaintiffs from delivering vehicles already purchased by customers; wrote letters to standard suppliers of the type of vehicles that plaintiffs ordinarily handled; and unnecessarily broadcast the fact of the suspension. Plaintiffs claim that they should have been allowed to continue to conduct business activities which do not require a dealer's license and that they suffered damages as a result of defendant's ultra vires acts.

Defendant moved for summary disposition under MCR 2.116(C)(4), (7) and (8), alleging that it had governmental immunity from plaintiffs' tort claims. The trial court issued an order granting summary disposition without specifying the subrule upon which the order was based. The trial court found that defendant had the authority to enforce its order and that the acts pled did not rise to the ultra vires level, but were normal enforcement actions. We do not agree.

A motion for summary disposition may be granted if the plaintiff's claims are barred by immunity granted by law. MCR 2.116(C)(7). When reviewing a motion brought under MCR 2.116(C)(7), this Court must consider the affidavits, pleadings, depositions, admissions and documentary evidence filed or submitted by the parties. MCR 2.116(G); *Eichhorn v Lamphere School Dist,* 166 Mich App 527, 536; 421 NW2d 230 (1988). This Court must consider all well-pled allegations as true and construe them most favorably to the plaintiff. *Male v Mayotte, Crouse & D'Haene Architects Inc,* 163 Mich App 165, 168; 413 NW2d 698 (1987), lv den 429 Mich 901 (1988).

A motion for summary disposition may also be granted if the plaintiff failed to state a claim upon which relief can be granted. MCR 2.116(C)(8). A motion under MCR 2.116(C)(8) tests the legal basis

of the complaint, not the plaintiff's ability to prove the allegations. *Crancer v Bd of Regents of the University of Michigan,* 156 Mich App 790, 792; 402 NW2d 90 (1986), lv den 428 Mich 892 (1987). This Court must rely on the pleadings alone. All well-pled allegations, and all reasonable inferences drawn from the allegations, are accepted as true for purposes of the motion. *Crancer, supra* at 792. A motion for summary disposition should not be granted unless the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development could justify a basis for recovery. *Id.*

All government agencies are immune from tort liability for injuries arising out of the exercise and discharge of a nonproprietary, governmental function. *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 591; 363 NW2d 641 (1984). A governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute or other law. An agency's ultra vires acts are not entitled to immunity. *Ross, supra* at 591.

> When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature (as defined in § 13) or falls within one of the other statutory exceptions to the governmental immunity act. Whenever a governmental agency engages in an activity which is not expressly or impliedly mandated or authorized by constitution, statute, or other law (i.e., an *ultra vires* activity), it is not engaging in the exercise or discharge of a governmental function. The agency is therefore liable for any injuries or damages incurred as a result of its tortious conduct. [*Ross, supra* at 620.]

An agency has no inherent power. Any authority it may have is vested by the Legislature, in

statutes, or by the constitution. *Pharris v Secretary of State,* 117 Mich App 202, 204; 323 NW2d 652 (1982). Administrative determinations are enforceable only in the manner provided by statute. If the statute has failed to provide a remedy for their enforcement, they are unenforceable. 2 Am Jur 2d, Administrative Law, § 506, p 317.

In this case, defendant's authority to provide for the licensing of vehicle dealers is derived from the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.* The statute requires that vehicle dealers be licensed, MCL 257.248; MSA 9.1948, and provides for denial, suspension or revocation of licenses, MCL 257.249; MSA 9.1949. A general penalty section provides:

> (1) It is a misdemeanor for a person to violate this act unless that violation is by this act or other law of this state declared to be a felony or a civil infraction.
> (2) Unless another penalty is provided in this act or by the laws of this state, a person convicted of a misdemeanor for the violation of this act shall be punished by a fine of not more than $100.00, or by imprisonment for not more than 90 days, or both. [MCL 257.901; MSA 9.2601.]

However, we do not find, and defendant does not cite, any provision in the statute for *enforcement* of a license suspension. Plaintiffs do not contest the license suspension in this case, merely the manner in which that suspension was enforced.

Even assuming, arguendo, that the authority to enforce a suspension is implied in MCL 257.248; MSA 9.1948, defendant in this case completely shut down plaintiffs' business, even prohibiting activities which did not require a dealer's license. Defendant suggests that any activity of the Michigan Department of State is entitled to governmen-

tal immunity merely because operation of the Department of State is a governmental function. We find defendant's argument untenable under *Ross,* which clearly provides that ultra vires acts are not to be afforded immunity.

Since it appears from the pleadings that defendant was functioning outside its scope of authority by closing down plaintiffs' entire business to enforce the suspension of plaintiffs' dealer license, summary disposition was improperly granted.

Reversed.