MILLER v CITY OF DETROIT

Docket Nos. 116185, 117359, 117594. Submitted June 19, 1990, at Detroit. Decided October 15, 1990. Leave to appeal applied for.

Stella Miller and other wheelchair-bound persons filed suit against the City of Detroit and others in Wayne Circuit Court claiming the defendants denied them the full and equal enjoyment of the city's public transportation system due to the city's failure to purchase and maintain wheelchair lifts in city buses. Plaintiffs sought declaratory relief, damages, and injunctive relief pursuant to § 302 of the Michigan Handicappers' Civil Rights Act. The action was certified as a class action. Following trial, the jury returned a verdict finding defendants City of Detroit and Detroit Transportation Department liable and awarding eighteen plaintiffs various damages totalling $2,100,000. The court also granted a modified version of the injunctive relief requested by plaintiffs, Richard P. Hathaway, J. The city of Detroit filed three separate appeals. The appeals have been consolidated.

The Court of Appeals *held:*

Plaintiffs' handicaps are related to their ability to utilize the city's buses and thus are not handicaps within the meaning of the Handicappers' Civil Rights Act. The monetary damages and injunctive relief granted must be reversed.

Reversed.

CIVIL RIGHTS — HANDICAPPER'S CIVIL RIGHTS ACT — ACTIONS.

A plaintiff in an action brought pursuant to the Michigan Handicappers' Civil Rights Act claiming denial of the full and equal enjoyment of accommodations of a place of public accommodation or public service because of a handicap must show that the handicap is unrelated to his ability to utilize and benefit from the place of public accommodation or public service; a mental or physical characteristic which is related to ability to utilize and benefit from the accommodation or service is not consid-

REFERENCES

Am Jur 2d, Civil Rights § 257.

See the Index to Annotations under Buses; Discrimination; Transportation.

ered a handicap within the meaning of the act (MCL 37.1103, 37.1302; MSA 3.550[103], 3.550[302]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Justin C. Ravitz, Joseph A. Golden, Patrick J. Burkett* and *Patricia A. Stamler*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, and *Frank W. Jackson,* Director of Litigation, City of Detroit Law Department, *Cooper, Fink & Zausmer, P.C.* (by *David H. Fink, Mark J. Zausmer* and *Sarah D. Lile*), Special Assistant Counsel, and *David L. Rose,* Special Assistant Corporation Counsel, for defendants.

Before: McDonald, P.J., and MacKenzie and Weaver, JJ.

Per Curiam. Defendant City of Detroit appeals from a December 12, 1988, judgment entered on a jury verdict in favor of plaintiffs for $2,100,000 and an April 19, 1989, circuit court order granting plaintiffs injunctive relief in this handicappers' civil rights suit. We reverse.

Plaintiffs filed the instant suit requesting declaratory relief, damages and injunctive relief pursuant to the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Plaintiffs claimed defendants denied them the full and equal enjoyment of the defendant city's public transportation system due to defendant city's failure to purchase and maintain wheelchair lifts in city buses. In particular plaintiffs claimed defendants denied them full and equal enjoyment of a public service in violation of § 302 of the act. The trial court granted plaintiffs' motion for certification of a class action and the parties agreed the issues of liability and injunctive relief would be

tried simultaneously with the issue of damages for twenty members of the class. The trial court was the factfinder on the issue of injunctive relief while the jury acted in said capacity on the liability and damages issues. Following a lengthy trial, the jury returned a verdict finding defendants Detroit Transportation Department and City of Detroit liable and awarding eighteen plaintiffs various damages totalling $2,100,000. Thereafter, after hearing additional testimony and argument, the court granted a modified version of the injunctive relief requested by plaintiffs.

Defendant city raises several issues on appeal, claiming foremost that plaintiffs' handicaps are related to their ability to utilize the buses and thus are not covered under the act. Defendant additionally contends that, if the act is applicable, defendant's satisfaction of federal civil rights laws satisfies the Michigan statute's accommodations standards, that various evidentiary and instructional errors occurred at trial and that the jury award of damages was excessive.

We address only one issue as we agree with defendant and find plaintiffs' handicaps are not compensable under the act.

Plaintiffs claimed a violation of § 302 (art 3) of the MHCRA, which provides in pertinent part:

> Except where permitted by law, a person shall not:
> (a) Deny an individual the full and equal enjoyment of . . . accommodations of a place of public accommodation or public service because of a handicap that is unrelated to the individual's ability to utilize and benefit from the . . . services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids. [MCL 37.1302; MSA 3.550(302).]

Section 103 defines the term "handicap":

(b) "Handicap" means a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

* * *

(ii) For purposes of article 3, is unrelated to the individual's ability to utilize and benefit from a place of public accommodation or public service. [MCL 37.1103; MSA 3.550(103).]

Prior to application of § 302, a plaintiff must show the existence of a handicap consistent with the definition thereof contained in § 103. Thus here, plaintiffs must demonstrate that their handicaps are unrelated to their ability to utilize and benefit from defendant's bus service. We do not believe plaintiffs can do so. The very nature of the handicaps asserted, the use of wheelchairs, does more than relate to plaintiffs' ability to utilize the buses. In fact, it prevents plaintiffs from using the buses, the problem sought to be remedied by this lawsuit. Although we believe the mainstreaming of wheelchair-bound persons to be a legitimate and commendable goal, where public transportation is concerned under the facts in this case the MHCRA is not the proper act to implement that goal. We also note that § 302, the portion of the act under which plaintiffs sue, likewise contains an "unrelatedness" requirement.

Thus, as the plaintiffs' status as wheelchair-bound persons unable to utilize defendant's bus service does not constitute a handicap within the meaning of the act, the monetary damages and injunctive relief granted pursuant to the act must be reversed.

Reversed.