## HALL v HACKLEY HOSPITAL

Docket No. 168859. Submitted February 7, 1995, at Grand Rapids.
Decided April 21, 1995, at 9:35 A.M.

Audrey Hall brought an action in the Muskegon Circuit Court
against Hackley Hospital, alleging violation of the Handicap-
pers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et
seq.*, as a result of the defendant's failure to accommodate her
need to work in a smoke-free environment because of asthma.
The court, Michael E. Kobza, J., granted summary disposition
for the defendant, pursuant to MCR 2.116(C)(10), finding that
the defendant was not required to ban smoking in the psychiat-
ric unit where the plaintiff worked in order to accommodate
the plaintiff. The plaintiff appealed and the defendant cross
appealed, alleging that the court should have granted its mo-
tion pursuant to MCR 2.116(C)(7).

The Court of Appeals *held:*

1. The plaintiff failed to establish a genuine issue of material
fact regarding whether the defendant failed to accommodate
the plaintiff as required by MCL 37.1102(2); MSA 3.550(102)(2).
Therefore, summary disposition was proper.

2. The plaintiff did not show that a genuine issue of material
fact existed regarding whether the defendant was required to
ban smoking to satisfy its duty to accommodate the plaintiff.
Even if the plaintiff had established such a prima facie case,
the defendant met its burden of producing evidence that com-
pletely banning its patients from smoking would impose an
undue hardship, and the plaintiff failed to prove by a prepon-
derance of the evidence that banning smoking would not im-
pose an undue hardship.

3. The defendant's duty to accommodate the plaintiff did not

REFERENCES

Am Jur 2d, Job Discrimination § 173.

Handicap as job disqualification under state legislation forbidding
job discrimination on account of handicap. 78 ALR4th 265.

Discrimination "because of handicap" or "on the basis of handicap"
under state statutes prohibiting job discrimination on account of
handicap. 81 ALR4th 144.

What constitutes handicap under state legislation forbidding job
discrimination on account of handicap. 82 ALR4th 26.

require it to place the plaintiff in another job in the hospital. The act does not require placement in a new job.

Affirmed.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — BURDEN OF PROOF.

A plaintiff seeking to recover under the Handicappers' Civil Rights Act must allege and prove that the plaintiff is handicapped as defined by the act, the handicap is unrelated to the plaintiff's ability to perform the duties of a particular job, and the plaintiff has been discriminated against in one of the ways set forth in the act (MCL 37.1103[e],[g],[l][i]; MSA 3.550[103] [e],[g],[l][i]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DUTY OF ACCOMMODATION — BURDEN OF PROOF.

The Handicappers' Civil Rights Act places the burden of proof on the handicapper to show that the defendant failed to accommodate the handicap; if the handicapper proves a prima facie case, the defendant must produce evidence that an accommodation would impose an undue hardship; if the defendant produces such evidence, the handicapper must prove by a preponderance of the evidence that an accommodation would not impose an undue hardship (MCL 37.1210[1]; MSA 3.550[210][1]).

3. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DUTY OF ACCOMMODATION — NEW JOB PLACEMENT.

An employer's duty to accommodate a handicapped employee imposed by the Handicappers' Civil Rights Act does not extend to new job placement (MCL 37.1210[1]; MSA 3.550[210][1]).

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *Theodore N. Williams, Jr.*), for the plaintiff.

*Culver, Lague & McNally* (by *Kevin B. Even*), for the defendant.

Before: MURPHY, P.J., and MACKENZIE and HOEKSTRA, JJ.

PER CURIAM. In this action brought pursuant to the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, plaintiff appeals as of right the trial court's

grant of summary disposition for defendant pursuant to MCR 2.116(C)(10) (no genuine issue of material fact), and defendant cross appeals as of right from the trial court's refusal to grant summary disposition for defendant pursuant to MCR 2.116(C)(7) (claim barred by statute of limitations). We affirm.

From 1983 to 1991, plaintiff, who was diagnosed with asthma when she was four years old, worked for defendant hospital in various capacities. In early 1991, plaintiff began working as a mental health worker in defendant's Northwood Center, an approximately forty-eight-bed psychiatric unit located in a separate building adjacent to the hospital. Plaintiff's duties at the center included interacting with, checking on, and helping patients throughout the day.

Defendant's smoking policy states that "[s]moking is prohibited in all areas of the hospital with the exception of one designated area for patients in Northwood Center." At one time patients were apparently permitted to smoke throughout the center. However, in response to a grievance filed by the center's mental health workers regarding the dangers of secondhand smoke, defendant designated two ventilated smoking rooms at the center and required patients to smoke only in those rooms. (Contrary to defendant's stated smoking policy, there are actually two, not one, designated smoking areas.) One of the smoking rooms is for the general patient population and visitors and one is for psychiatric intensive care patients. The smoking room designated for the general patient population and visitors has a cigarette lighter on the wall, but for safety reasons the smoking room designated for intensive care patients does not have such a lighter. Intensive care patients are required to have their cigarettes lighted by a

nurse or mental health worker at an office located about twenty feet from the smoking room and walk to the smoking room to smoke the cigarette.

Defendant's rationale for permitting patients to smoke at the center is explained in the affidavit of the center's medical director, Augustus F. Kinzel, M.D. The center's patients typically have acute psychotic illnesses and are locked inside the center during their stay. They generally remain at the center for about nine days. Many of the patients are addicted to tobacco. They often have a very intense craving to smoke, and denying them cigarettes can lead to increased assaultive behavior, acute withdrawal, or profound depression resulting in further mental and physical deterioration. The decision to permit the patients to smoke reflects the center's desire to first control the patient's psychotic episode before addressing the patient's tobacco addiction.

Plaintiff was required to go into most of the rooms at the center, including both smoking rooms, as part of her duties. Although the air in the smoking rooms was recycled, cigarette smoke continued to permeate the center. Because of sinus and asthma problems, plaintiff left work on February 20, 1992, and sought medical treatment. Plaintiff's doctor determined that she was the type of asthmatic who was sensitive to airborne irritants, such as tobacco smoke. Her doctor permitted her to return to work on February 29, 1992, but instructed her not to expose herself to tobacco smoke and not to work in a smoke-filled environment.

On February 27, 1992, plaintiff went to defendant's nursing office and informed defendant that she could not work in a smoke-filled environment. Defendant approved a medical leave of absence for plaintiff effective February 28, 1992. On March 18, Thomas Flack, defendant's associate relations

manager, met with plaintiff's supervisor, Mary Ehresman, and human resources employee Melanie Towne to determine if there was any way that plaintiff could continue to work at the center. They determined that, because plaintiff could not be exposed to smoke and the center permitted smoking, she could not continue to work at the center. Flack and Towne met with plaintiff on March 30, 1992, to discuss plaintiff's leave status and to determine whether she was permanently or temporarily banned from exposure to smoke. In June 1992, defendant offered plaintiff alternative employment as an environmental services aide, or janitor. However, plaintiff did not accept the position because she feared that airborne irritants associated with the work, such as dust and cleaning solvents, would aggravate her asthma and because the job was inappropriate for her skill level. On September 22, 1992, plaintiff wrote a letter to defendant asking defendant to attempt to reasonably accommodate her handicap. Flack met with plaintiff in October 1992 to discuss plaintiff's request, but the substance or result of this discussion is not apparent from the record.

On January 5, 1993, plaintiff filed suit pursuant to the HCRA, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, alleging that defendant failed to accommodate her asthma as required by MCL 37.1102(2); MSA 3.550(102)(2). Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(10). The trial court granted defendant's motion pursuant to MCR 2.116(C)(10), but denied defendant's motion pursuant to MCR 2.116(C)(7). Because we find that the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), we need not

address defendant's argument that the trial court improperly denied its motion for summary disposition pursuant to MCR 2.116(C)(7).

On appeal, our review of a motion for summary disposition pursuant to MCR 2.116(C)(10) is de novo. *Adkins v Thomas Solvent Co,* 440 Mich 293, 302; 487 NW2d 715 (1992); *Coleman-Nichols v Tixon Corp,* 203 Mich App 645, 650; 513 NW2d 441 (1994). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Lichon v American Universal Ins Co,* 435 Mich 408, 414; 459 NW2d 288 (1990). MCR 2.116(C)(10) permits summary disposition when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing such a motion, this Court considers the pleadings, affidavits, depositions, admissions, and documentary evidence and grants the benefit of any reasonable doubt to the nonmoving party. *Skinner v Square D Co,* 445 Mich 153, 161-162; 516 NW2d 475 (1994).

To recover under the HCRA, a plaintiff must allege and prove that (1) the plaintiff is "handicapped" as defined by the HCRA,[1] (2) the handicap is unrelated to the plaintiff's ability to perform the

[1] A "handicapper" is "an individual who has a handicap." MCL 37.1103(g); MSA 3.550(103)(g). "Handicap" is defined in relevant part in MCL 37.1103(e); MSA 3.550(103)(e) as:

(i) A determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic:

(A) For purposes of article 2, substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position or substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's qualifications for employment or promotion.

duties of a particular job,[2] and (3) the plaintiff has been discriminated against in one of the ways set forth in the statute. *Merillat v Michigan State Univ*, 207 Mich App 240, 245; 523 NW2d 802 (1994); *Ashworth v Jefferson Screw Products, Inc*, 176 Mich App 737, 743; 440 NW2d 101 (1989). Because we find that plaintiff failed to establish a genuine issue of material fact regarding whether she has been discriminated against in one of the ways set forth in the HCRA, specifically whether defendant failed to accommodate plaintiff as required by MCL 37.1102(2); MSA 3.550(102)(2), we will assume, without deciding, that plaintiff established a genuine issue of material fact regarding the first two elements of her prima facie case.

Plaintiff argues that defendant failed to satisfy its duty to accommodate as set forth in MCL 37.1102(2); MSA 3.550(102)(2). MCL 37.1102(2); MSA 3.550(102)(2) provides:

Except as otherwise provided in article 2, a person shall accommodate a handicapper for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship.

The HCRA places the burden of proof on the handicapper to show that the defendant failed to accommodate the handicap. MCL 37.1210(1); MSA 3.550(210)(1). If the handicapper proves a prima

---

[2] " 'Unrelated to the individual's ability' means, with or without accommodation, an individual's handicap does not prevent the individual from . . . performing the duties of a particular job or position." MCL 37.1103(l)(i); MSA 3.550(103)(l)(i).

In *Sherman v Optical Imaging Systems, Inc*, 843 F Supp 1168, 1177 (ED Mich, 1994), the court summarized the first two elements of a plaintiff's prima facie HCRA claim as requiring the plaintiff to establish that the plaintiff had a handicap that either did not interfere with the job or would not interfere with the job if reasonably accommodated.

facie case, the defendant bears the burden of producing evidence that an accommodation would impose an undue hardship. *Id.* If the defendant produces evidence that an accommodation would impose an undue hardship, the handicapper bears the burden of proving by a preponderance of the evidence that an accommodation would not impose an undue hardship. *Id.*

Plaintiff argues that defendant reasonably could have done two things to accommodate her asthma. First, plaintiff argues that defendant could have banned smoking in the center. Second, plaintiff argues that defendant could have offered her another position in the hospital that did not involve exposure to cigarette smoke or other airborne irritants. We find that plaintiff did not establish a genuine issue of material fact regarding whether defendant reasonably satisfied its duty to accommodate plaintiff. Therefore, we conclude that summary disposition as a matter of law was appropriate.

Defendant's duty to accommodate plaintiff did not require defendant to ban smoking at the center. As the party opposing the motion for summary disposition, it was plaintiff's burden to show that a genuine issue of material fact existed regarding whether defendant was required to ban smoking at the center to satisfy its duty to accommodate plaintiff. *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). Plaintiff was required, by affidavits or documentary evidence, to set forth specific facts establishing that there was a genuine issue for trial. MCR 2.116(G)(4). We find that plaintiff failed to satisfy her burden of making such a showing. Plaintiff submitted no affidavits and the documentary evidence she submitted does not establish that a genuine issue of material fact existed regarding whether defendant was re-

quired to ban smoking to satisfy its duty to accommodate.

Furthermore, even if plaintiff had established a prima facie case that defendant failed to satisfy its duty to accommodate plaintiff by not banning smoking at the center, defendant met its burden of producing evidence that completely banning its patients from smoking at the center would impose an undue hardship, and plaintiff failed to prove by a preponderance of the evidence that banning smoking at the center would not impose an undue hardship. MCL 37.1210(1); MSA 3.550(210)(1). The affidavit of Augustus F. Kinzel, M.D., constituted evidence that there was a sound medical reason for the center's decision to permit patients to smoke cigarettes and that to require a complete ban on cigarette smoking at the center would impose an undue hardship on defendant because such a ban would threaten the mental and physical health of its patients. We do not believe that the scope of defendant's duty to accommodate plaintiff's asthma requires defendant to ban smoking at the center when there is a sound medical basis for permitting the patients to smoke, the center has attempted to limit human exposure to secondhand smoke by confining smoking to two ventilated rooms in the facility, and plaintiff failed to meet her burden of proving by a preponderance of the evidence that banning smoking would not impose an undue hardship on defendant.

We caution that our decision that defendant is not required to ban smoking at the center to satisfy its duty to accommodate plaintiff's asthma should not be read as a general rule that an employer never has a duty to ban or restrict smoking to accommodate an established handicap. Our holding is narrow and turns on the specific facts of this case. The instant case is unique be-

cause of the special needs of the psychiatric patients at the center. Because of the patients' acute psychotic illnesses, there are sound medical reasons for permitting the patients to smoke in designated areas. Balancing plaintiff's interest in imposing a complete ban on smoking against the patients' interest in permitting smoking in limited areas, we conclude that the interests of the patients, on balance, must prevail. Although we can think of few, if any, other cases where such strong factors favor allowing patients to smoke, in this case, the patients' medical needs are paramount. Therefore, we conclude that on the facts of this case, defendant was not required to ban smoking at the center to accommodate plaintiff's asthma.

We also hold that defendant's duty to accommodate plaintiff did not require defendant to place plaintiff in another job in the hospital because "[t]he duty to accommodate imposed under the handicappers' act does not extend to new job placement." *Rancour v Detroit Edison Co,* 150 Mich App 276, 279; 388 NW2d 336 (1986); see also *Ashworth, supra,* 744. Despite our holding, we recognize as we did in *Rancour* that there are legitimate public policy arguments that favor requiring an employer to place a handicapped employee in a new job, and we are mindful that the HCRA is a remedial statute and that the duty to accommodate therefore should be liberally construed. *Rancour,* 284-285. However, we agree with our previous conclusion that the extent of the burden to be placed on employers to provide new jobs for employees with established handicaps "is a problem to be solved by the Legislature, not the judiciary." *Id.,* 286.

Plaintiff contends that *Rancour* is inapplicable to the instant case because it was decided before the 1990 amendments of the HCRA, 1990 PA 121.

We disagree with plaintiff's position. After the 1990 amendments, the HCRA specifically recognized the following types of accommodation: (1) purchasing equipment and devices; (2) hiring readers or interpreters; (3) restructuring jobs and altering schedules for minor or infrequent duties. MCL 37.1210(2)-(5), (8)-(11), and (14)-(15); MSA 3.550(210) (2)-(5), (8)-(11), and (14)-(15). The 1990 amendments did not include a provision specifically requiring employers to reassign handicapped persons to new jobs to satisfy their duty to accommodate. In contrast, the Americans with Disabilities Act, 42 USC 12101 *et seq.*, contains an explicit provision requiring employers to reassign handicapped persons to a vacant position to accommodate the person's handicap. 42 USC 12111(9)(B). When it enacted the 1990 amendments, the Legislature could have enacted such a provision, but did not. Because the Legislature did not specifically establish a requirement that an employer must place a handicapped person in a new job to satisfy its duty to accommodate, we decline to read such a requirement into the HCRA. See *Michigan Residential Care Ass'n v DSS,* 207 Mich App 373, 376; 526 NW2d 9 (1994).

Furthermore, the Legislature is presumed to act with knowledge of appellate court statutory interpretations. *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 505-506; 475 NW2d 704 (1991). This Court decided *Rancour* in 1986. Four years later, in 1990, the Legislature amended the HCRA, but did not address whether an employer's duty to accommodate required the employer to place a handicapped employee in a new job. In light of the presumption that the Legislature acted with knowledge of this Court's interpretation of the HCRA in *Rancour,* we believe that if the Legislature had intended for the employer's duty to ac-

commodate to require the employer to place a handicapped employee in a new job, it would have adopted specific language clarifying that intent when it amended the HCRA in 1990. *Gordon, supra,* 506. This Court is precluded from reading into the HCRA something not otherwise clearly therein. *Jefferson Schools v Detroit Edison Co,* 154 Mich App 390, 393; 397 NW2d 320 (1986). Therefore, we conclude that contrary to plaintiff's argument, *Rancour* is applicable to the instant case, and defendant was not required to place plaintiff in a new job to satisfy its duty to accommodate.

In sum, we conclude that the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff failed to establish a genuine issue of material fact regarding her claim that defendant failed to accommodate her handicap because defendant was under no duty to provide the type of accommodation sought by plaintiff. Thus, the trial court properly granted summary disposition as a matter of law.

Affirmed.