CEBRECO v MUSIC HALL CENTER
FOR THE PERFORMING ARTS, INC

Docket No. 180954. Submitted June 13, 1996, at Detroit. Decided October 11, 1996, at 9:05 A.M. Leave to appeal sought.

Luz M. Cebreco brought an action in the Wayne Circuit Court against Music Hall Center for the Performing Arts, Inc., and others, alleging that the defendants discriminated against her because of her handicap in violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The plaintiff, who is confined to a three-wheeled motorized personal vehicle known as an Amigo, contended that Music Hall failed to accommodate her handicap because it did not provide adequate seating for her at an event. She also alleged that she suffered injury as a result of gross negligence on the part of the individual police officer defendants who removed her from the Music Hall building after she protested the alleged nonaccommodation. The court, Richard P. Hathaway, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court erred in granting summary disposition to defendant Music Hall with respect to the plaintiff's civil rights act claim. The plaintiff clearly is handicapped for purposes of the civil rights act and established a genuine issue of material fact with respect to the adequacy of the accommodations provided. Music Hall's argument that the plaintiff was not handicapped because she was unable to use and enjoy the performance because she could not access the facility is without merit. The plaintiff presented evidence that she was able to use and enjoy the services of the facility and that the accommodations made by Music Hall for handicapped persons were not adequate to allow her equal enjoyment of the musical and theatrical presentations at the facility. Because the plaintiff would be able to enter the facility and watch and enjoy the performances with some accommodation, her handicap is unrelated to her ability to use or benefit from the services provided by Music Hall. Because the plaintiff raised a prima facie issue regarding Music Hall's failure to accommodate her handicap, it is Music Hall's burden to demonstrate that further accommodation cannot be accomplished without undue hardship. If that is established, the

plaintiff must prove by a preponderance of the evidence that an accommodation would not impose such a hardship.

2. The trial court did not err in granting summary disposition to the police officer defendants with regard to their claim of governmental immunity. The trial court correctly found that those defendants were not grossly negligent in their conduct.

3. Defendant police officer Sylvester Dawson was clearly acting within the scope of his authority in removing the plaintiff from the premises.

Affirmed in part and reversed and remanded in part.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT.

The Michigan Handicappers' Civil Rights Act prohibits a place of public accommodation from denying a person the full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations because of a handicap that is unrelated to the person's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by the person of adaptive devices or aids (MCL 37.1302; MSA 3.550[302]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — BURDEN OF PROOF.

Once a handicapped plaintiff has demonstrated that the plaintiff is able to benefit from the services provided by a defendant place of public accommodation and that the plaintiff is being denied an equal opportunity to do so because of a physical or mental characteristic, the place of public accommodation has a duty to accommodate the person; once the plaintiff makes a prima facie showing that the defendant has failed to accommodate the plaintiff's handicap, the burden shifts to the defendant to show that the accommodation required would impose an undue hardship; if that is established, the plaintiff must then prove by a preponderance of the evidence that the accommodation would not impose an undue hardship (MCL 37.1102[2]; MSA 3.550[102][2]).

*Hylton & Hylton, P.C.* (by *Kenneth N. Hylton, Jr.*), for the plaintiff.

*Pedersen, Keenan, King, Wachsberg & Andrzejak* (by *Thomas E. Keenan*), for Music Hall Center for the Performing Arts, Inc.

City of Detroit Law Department (by *Phyllis A. James*, Corporation Counsel, and *Linda D. Fegins*,

Principal Assistant Corporation Counsel), for the City of Detroit and Detroit Police Officers Lenora Simpson, Harvey Burton, and Sylvester Dawson.

Before: MICHAEL J. KELLY, P.J., and MARKMAN and J. L. MARTLEW,* JJ.

MARKMAN, J. Plaintiff appeals as of right from a decision granting summary disposition to defendants in this handicap discrimination action. We affirm in part and reverse and remand in part.

Plaintiff is confined to a three-wheeled motorized personal vehicle known as an Amigo. She and a friend purchased tickets for a performance at defendant Music Hall Center for the Performing Arts, Inc. Before the performance, plaintiff called Music Hall to inquire about handicapped accommodations and was assured that Music Hall could and did accommodate handicapped persons. Upon arriving at Music Hall, plaintiff and her friend were taken to an entrance in an alleyway where an employee of Music Hall placed a ramp at the door and assisted plaintiff to enter the premises. Once inside Music Hall, the employee directed plaintiff and her friend toward the designated seating area for handicapped individuals, located at the end of rows F through I. Handicapped persons were either allowed to sit in their wheelchairs in the aisles at the end of these rows or were assisted into the last seat of one of these rows. Plaintiff's Amigo could not climb the sloped aisle to the designated rows and she believed that she would not be able to watch the show from her vehicle in the designated area because she would be sitting on a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

downward slope. She therefore positioned her Amigo next to the last seats of the front row.

Both the manager of Music Hall, Bernice Anderson, and the assistant manager asked plaintiff to move to the handicapped seating section or to leave.[1] Plaintiff refused to do either. Anderson then called the police defendants and requested that they remove plaintiff. Plaintiff still refused to move to the handicapped section or to leave when requested to do so by the police. The police alleged that plaintiff became "loud, boisterous and profane" and that they attempted to move her by pushing and pulling her Amigo. Before they attempted to move her, plaintiff told them that the Amigo was unstable. While they were attempting to move her, plaintiff fell or pushed herself out of the Amigo onto the floor, landing on her knees. The police issued plaintiff a ticket for disorderly conduct.

Plaintiff's complaint alleged that defendants discriminated against her because of her handicap in violation of the Michigan Handicappers' Civil Rights Act (MHCRA). MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* She contended that defendant Music Hall failed to "accommodate" her handicap by providing adequate seating for her at the concert. She also alleged that she suffered injury as a result of gross negligence on the part of police defendants Lenora Simpson, Harvey Burton, and Sylvester Dawson in removing her from the concert after she protested Music Hall's alleged nonaccommodation.

The trial court erred in granting summary disposition to defendant Music Hall with respect to plaintiff's

---

[1] Music Hall manager Bernice Anderson is improperly listed as an appellee in this case.

MHCRA claim. Plaintiff is clearly handicapped for purposes of the MHCRA[2] and established a genuine issue of material fact with respect to the adequacy of the accommodations provided. MCR 2.116(C)(10). The MHCRA prohibits a place of public accommodation,[3] such as Music Hall, from denying any person the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation . . . because of a handicap that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids." MCL 37.1302; MSA 3.550(302).

Plaintiff argues that the trial court inappropriately concluded that she was not "handicapped" because her disability *was* related to her "ability to . . . benefit" from Music Hall's services. In its motion for summary disposition, Music Hall argued that, because it is not wheelchair accessible, plaintiff's handicap—that is, being wheelchair bound—prevented her from accessing the Music Hall and comfortably watching performances.[4]

---

[2] A person who suffers from a physical or mental characteristic that is "unrelated to the individual's ability to utilize and benefit from a place of public accommodation or public service," is considered handicapped under the MHCRA. MCL 37.1103(e)(i)(B); MSA 3.550(103)(e)(i)(B).

[3] A "[p]lace of public accommodation" is "a business, educational institution, refreshment, entertainment, recreation, health, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." MCL 37.1301(a); MSA 3.550(301)(a).

[4] While the trial court stated that it understood Music Hall's arguments in this regard, it also stated that the "accommodations or lack of accommodations that are expressed in this particular complaint . . . do not rise to a level of violation" of the MHCRA. "There is no discrimination that this

However, there is evidence that plaintiff was able to use and enjoy the services of Music Hall. The undisputed facts in this case show that plaintiff did enter Music Hall and was able to find a place within the facility from which she could watch the performance, although that position had not been designated for handicapped use or for otherwise viewing the performance. Further, Music Hall had established a policy for helping its handicapped patrons enter the theater and had designated an area for handicapped seating. This indicated that, once helped to obtain proper seating, individuals with plaintiff's disability *were* able to use and enjoy the performances. Therefore, Music Hall's argument that plaintiff was not "handicapped" because she was unable to use and enjoy the performance because she could not access the facility is without merit. Principally, this argument begs the threshold question whether Music Hall had a duty to assist plaintiff in entering and obtaining adequate seating.

Music Hall's reliance on *Miller v Detroit*, 185 Mich App 789; 462 NW2d 856 (1990), is misplaced. In *Miller*, this Court found that the plaintiffs were not handicapped under the MHCRA with respect to the city bus system because their handicap prevented them from using the buses. *Id.* at 792. Because the plaintiffs could not enter the buses, we found that their handicap *related* to their ability to use and benefit from the public accommodation at issue. *Id.* In this case, Music Hall provides musical and theatrical performances. Plaintiff's handicap does not prevent her,

---

Court can see." Thus, it is not entirely clear whether the court found no discrimination because plaintiff was not covered by the MHCRA or because Music Hall had complied with the MHCRA.

in any way, from viewing and appreciating these performances. The fact that Music Hall might have to make special accommodations to provide plaintiff the full benefits of its services, or to overcome practical difficulties incidental to the ability to benefit from the services, does not mean that a person is not "handicapped" under the MHCRA. See *Crancer v Univ of Michigan Bd of Regents*, 156 Mich App 790, 797; 402 NW2d 90 (1986). Indeed, the requirement to make such special accommodations—where they do not constitute an undue burden—is a principal purpose of the MHCRA.

Once a plaintiff has demonstrated that he is able to benefit from services provided by a place of public accommodation and that he is being denied an "equal opportunity" to do so because of a "physical or mental characteristic,"[5] the facility has a duty to accommodate the person. MCL 37.1102(2); MSA 3.550(102)(2). In this regard, the only disputed issue is whether the accommodations provided to plaintiff were sufficient to satisfy the MHCRA. This Court has found that the obligation to accommodate handicapped persons in the employment context potentially includes the duty to make physical changes in the facility to enable access. *Wardlow v Great Lakes Express Co*, 128 Mich App 54, 65; 339 NW2d 670 (1983). Further, the Supreme Court has found that the Legislature intended to expand the duty to provide accommodation beyond that imposed by Michigan's other handicapped rights laws, by amending the

---

[5] A handicapped person must suffer from a "determinable physical or mental characteristic . . . which may result from disease, injury, congenital condition of birth, or functional disorder . . . ." MCL 37.1103(e)(i); MSA 3.550(103)(e)(i).

MHCRA to require accommodation unless doing so would cause undue hardship. *Carr v General Motors Corp*, 425 Mich 313, 320-321 & 321, n 4; 389 NW2d 686 (1986).

There is no question that the MHCRA imposes a potentially heavy obligation upon places of public accommodation with respect to handicapped individuals. Something more than merely equal treatment is required in order to satisfy the "equal opportunity" obligation of the MHCRA. Such an obligation, however, is expressly set forth in the language of the statute and must be given reasonable meaning by this Court. The Legislature is presumed to have intended the meaning it plainly expressed. *Frasier v Model Coverall Service, Inc*, 182 Mich App 741, 744; 453 NW2d 301 (1990).

The MHCRA requires a plaintiff to make a prima facie showing that the defendant has failed to accommodate his handicap. Once such a showing has been made, the burden of proof shifts to the defendant to show that the accommodation required would impose an "undue hardship." *Hall v Hackley Hosp*, 210 Mich App 48, 54-55; 532 NW2d 893 (1995). In this case, plaintiff presented evidence that the accommodations made by Music Hall for handicapped persons were not adequate to allow her "equal enjoyment" of the musical and theatrical presentations. Music Hall does not dispute this conclusion. Rather, Music Hall relies on the inadequacy of its accommodations to argue that plaintiff's handicap is related to her ability to use and benefit from its services because the facility is not designed to permit her to enter and be seated comfortably. In other words, Music Hall argues that plaintiff's handicap is not within the purview of the

MHCRA, at least insofar as it relates to Music Hall's services. This argument is tautological.[6] Because, with *some* accommodation, plaintiff would be able to enter the facility and watch and enjoy the performances, her handicap is, in fact, unrelated to her ability to use or benefit from the services provided by Music Hall. The concededly inadequate nature of the accommodations provided by Music Hall presents a genuine issue of material fact concerning whether adequate accommodations could be provided without "undue hardship" on the part of Music Hall. Plaintiff having raised a prima facie issue of Music Hall having failed to accommodate her handicap, it is accordingly Music Hall's burden of proof to demonstrate that further accommodation cannot be accomplished without "undue hardship," e.g., financial expenses, inconvenience to other patrons, safety or fire hazards, and so forth. *Hall, supra* at 55. If that is established, it is then plaintiff's burden to prove by a preponderance of the evidence than an accommodation would not impose such a hardship. *Id.* Accordingly, the trial court erred in granting summary disposition to defendant Music Hall regarding plaintiff's MHCRA claim.

We conclude that the trial court did not err in granting summary disposition to police officer defendants Burton, Simpson, and Dawson on the

---

[6] "If we were to accept defendant's arguments, the act would be practically meaningless. MCL 37.1102; MSA 3.550(102) requires accommodation. However, if we ruled that an employer need not accommodate whenever the handicap is related in any way to the job, we would be ruling that the employer need accommodate only if the handicap is not related to the work. Of course, in that situation, no accommodation is needed in the first place. In other words, defendant's interpretation requires accommodation only when no accommodation is needed." *Wardlow, supra* at 61.

basis of their claim of governmental immunity. These defendants can claim the protection of governmental immunity from tort liability unless they were acting in so reckless a manner as to constitute "gross negligence." *Vermilya v Dunham*, 195 Mich App 79, 82; 489 NW2d 496 (1992). Although the facts surrounding plaintiff's fall from the Amigo were in dispute, she has presented no facts, in our judgment, from which reasonable minds could find that the police defendants were grossly negligent in their conduct. MCR 2.116(C)(10). Given that plaintiff had refused to move the Amigo when requested to do so by management and the police, the latter could take no other reasonable action than to attempt to move it themselves. They attempted to do so by pushing the Amigo with one officer stationed at each wheel. Plaintiff fell out of the vehicle during the course of her removal. The trial court correctly determined that these facts do not establish gross negligence.

We also reject plaintiff's contention that defendant Dawson was not acting within the "scope of his authority" and thereby acted without governmental immunity. *Id.* A government employee is immune from tort liability for discretionary actions taken in good faith during the course of his employment if "he is acting or reasonably believes that he is acting" within the scope of his authority. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 593; 363 NW2d 641 (1984). The act of removing plaintiff from the Music Hall premises, under the circumstances, were clearly within the scope of Dawson's authority.

Therefore, plaintiff's claims of gross negligence against defendants Simpson, Burton, and Dawson were properly dismissed under MCR 2.116(C)(7) and

the order of the trial court is affirmed in this regard. With respect to the MHCRA claim against defendant Music Hall, the order of the trial court is reversed and this matter is remanded for trial.

MICHAEL J. KELLY, P.J., did not participate.