## FONSECA v MICHIGAN STATE UNIVERSITY

Docket No. 166482. Submitted June 21, 1995, at Lansing. Decided October 13, 1995, at 9:15 A.M.

Valencia Fonseca brought an action in the Ingham Circuit Court against Michigan State University and its Board of Trustees, alleging sexual and marital status discrimination as a result of the defendants' refusal to grant her admission to the doctoral program in sociology at the university. The trial court, James R. Giddings, J., granted summary disposition for the defendants, finding that the plaintiff failed to produce evidence of discriminatory motivation and that the university acted because of its concerns regarding conflict of interest that could result because the plaintiff's husband is the chairman of the sociology department at the university. The plaintiff appealed.

The Court of Appeals *held:*

The trial court properly dismissed the plaintiff's action for failure to produce evidence sufficient to raise a genuine issue of material fact. The plaintiff failed to produce facts concerning alleged illegal motivation, and the defendants produced evidence of lawful motivation—an understandable concern regarding conflict of interest. The relevant provision of the Civil Rights Act, MCL 37.2402; MSA 3.548(402), does not prohibit discrimination based on marital status. The plaintiff failed to state a claim upon which relief can be granted.

Affirmed.

1. Civil Rights — Pleading — Discrimination — Motions and Orders.

   A plaintiff who claims a decision was motivated by an intent to discriminate must produce facts from which a factfinder could reasonably infer unlawful motivation in order to avoid summary disposition (MCR 2.116[C][10]).

2. Master and Servant — Civil Rights — Discrimination — Marital Status.

   Employers are obligated to refrain from making employment

REFERENCES

Am Jur 2d, Civil Rights §§ 86, 87, 91, 176, 310, 399.
See ALR Index under Civil Rights and Discrimination.

decisions on the basis of whether an applicant is married or single but are not obligated to ignore to whom the applicant is married or related; the law permits antinepotism employment policies that an employer deems necessary to ensure fairness to other candidates and fidelity to the employer.

3. Civil Rights — Discrimination — Education — Marital Status.
   The educational provisions of the Civil Rights Act do not prohibit discrimination based on marital status (MCL 37.2402; MSA 3.548[402]).

*Kerr & Associates* (by *J. David Kerr*), for the plaintiff.

*Michael J. Kiley,* for the defendants.

Before: Saad, P.J., and Taylor and P. J. Conlin,* JJ.

Saad, P.J. Plaintiff Valencia Fonseca appeals from the trial court's grant of summary disposition for defendants of Fonseca's claims of sexual and marital discrimination, challenging defendants' refusal to grant her admission to the doctoral program in sociology at Michigan State University. Plaintiff asserted that defendants delayed or refused[1] to grant her admission because of her sex and marital status. Defendants denied any illegal discriminatory motivation and produced evidence that their decision centered on their concern over a conflict of interest because Fonseca's husband, the chairman of the sociology department, would, by university regulations, pass upon her credentials. After some discovery, the trial court ruled that Fonseca failed to produce any evidence of discriminatory motivation and that the university acted because of its concerns over conflict of inter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] For purposes of our decision we assume defendants denied Fonseca admission to the program.

est. Therefore, the trial court dismissed Fonseca's suit for failure to produce evidence sufficient to raise a genuine issue of material fact as required by MCR 2.116(C)(10). We agree and affirm.

A relevant provision of the Civil Rights Act, applicable to educational institutions, prohibits MSU from engaging in specific discriminatory conduct.

> An educational institution shall not do any of the following:
>
> (a) Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.
>
> (b) Exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex.
>
> (c) For purposes of admission only, make or use a written or oral inquiry or form of application that elicits or attempts to elicit information concerning the religion, race, color, national origin, age, sex, or marital status of a person. [MCL 37.2402; MSA 3.548(402).]

Because the educational provisions of the act have received little judicial interpretation and because the statutory language employs terms of art used and judicially interpreted extensively in the specialized but extensive field of employment discrimination, we look to these decisions to help us interpret and apply the law to the facts. See *Texas Dep't of Community Affairs v Burdine,* 450 US 248; 101 S Ct 1089; 67 L Ed 2d 207 (1981); *Price Waterhouse v Hopkins,* 490 US 228; 109 S Ct 1775; 104 L Ed 2d 268 (1989); *McDonnell Douglas*

*Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973).

Michigan State University must refrain from making admission decisions because of the applicant's sex. That is, the applicant's sex should not make a difference in the challenged decision. *Price Waterhouse, supra* at 237-239 (BRENNAN, J.), 261-262 (O'CONNOR, J.). Because motivation and reasoning for decisions involve intent, we must carefully examine evidence produced by both parties regarding defendants' reasons for the challenged decision. Here, the singular inquiry is whether Fonseca was illegally denied admission to the doctoral program because of her sex, or whether she was lawfully denied admission because of her relationship to the department chairman, her husband.

Fonseca failed to develop any facts to support her conjecture that her sex made a difference in MSU's decision. And, although a hunch or intuition may, in reality, be correct, the law requires more if a plaintiff is to avoid summary disposition. A plaintiff who claims a decision was discriminatorily motivated must produce some facts from which a factfinder could reasonably infer unlawful motivation. *Featherly v Teledyne Industries, Inc,* 194 Mich App 352, 357-359; 486 NW2d 361 (1992). Here, not only did plaintiff fail to produce facts concerning illegal motivation, but MSU produced evidence of lawful motivation—an understandable concern over conflict of interest. Given the lack of evidence of illegal motivation and significant evidence of permissible motivation, we cannot say that this matter should go to a jury to determine if plaintiff's sex made a difference in the challenged decision. Accordingly, the trial court's grant of summary disposition of plaintiff's sex discrimination claim is affirmed.

As to marital status, established case law in the field of employment discrimination obliges employers to refrain from making decisions because an applicant *is* married or single. It is the status of being married or not that an employer must refrain from using in a way that makes a difference in the challenged decision. MCL 37.2202; MSA 3.548(202). On the other hand, the law does not oblige an employer to ignore to whom the applicant is married or related. *Miller v C A Muer Corp,* 420 Mich 355; 362 NW2d 650 (1984). To avoid obvious conflicts of interest involving preferential treatment of spouses and relatives, the law permits antinepotism employment policies that an employer deems necessary to ensure fairness to other candidates and fidelity to the employer.

We note that unlike the employment provisions of the act, the educational provisions do not expressly prohibit marital status discrimination. Interestingly, the statute expressly prohibits an educational institution from attempting to elicit information concerning marital status. Because the educational provisions of the act do not prohibit marital status discrimination, plaintiff has failed to state a claim upon which relief can be granted. And, if discrimination based on marital status were a cognizable claim in connection with educational institutions, here there would be no violation for the reasons enunciated in *Miller, supra.*

Accordingly, the decision of the trial court is affirmed.