GLOSS v GENERAL MOTORS CORPORATION

Docket No. 69655. Submitted February 22, 1984, at Lansing.—Decided
October 15, 1984.

Mary Lou Coleman Gloss, an employee of the Saginaw Metal
Casting Plant, Chevrolet Motor Division, General Motors Cor-
poration, developed a back problem after her first year on the
job and then suffered injury when she was struck by a forklift
truck. She returned to work with various medical restrictions.
Plaintiff eventually was sent home with a special pass marked
"no work available within the employee's restrictions". Gloss
filed suit against General Motors in Saginaw Circuit Court
seeking damages and injunctive relief under the Michigan
Handicappers' Civil Rights Act. Following a bench trial, the
court, Hazen R. Armstrong, J., entered a judgment of no cause
of action. Plaintiff appeals. *Held:*

Defendant's claims (1) disputing plaintiff's ability to perform
certain jobs she claimed could be performed with her restric-
tions, (2) alleging that there is a practical limitation to the
number of favored jobs which are available within a particular
plant and the accommodation of plaintiff would most likely
result in the displacement of another employee with physical
restrictions, and (3) alleging that it was prohibited from trans-
ferring plaintiff to any other plant by established labor and
other contractual procedures, if fully supported by the evi-
dence, would sufficiently meet its burden of showing that it
could not reasonably accommodate plaintiff without undue
hardship. Because the trial court failed to make specific find-
ings on the evidence introduced by defendant on the question of
reasonable accommodation without undue hardship, it is neces-
sary to remand the case to the trial court to determine whether
defendant sustained its burden of proof.

Remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Civil Rights § 261.
[2] 15 Am Jur 2d, Civil Rights § 248.5.
Construction and effect of state legislation forbidding job discrimi-
nation on account of physical handicap. 90 ALR3d 393.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — BURDEN OF PROOF.

 A person bringing an action against an employer for violation of the Michigan Handicappers' Civil Rights Act has the initial burden of proving that the employer violated the act; once the plaintiff has successfully done so, the burden shifts to the defendant to show that it could not reasonably accommodate the plaintiff without undue hardship (MCL 37.1101 *et seq.;* MSA 3.550[101] *et seq.).*

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION — GOOD FAITH.

 The Michigan Handicappers' Civil Rights Act forbids an employer from making employment decisions based on what the employer perceives to be an applicant's or employee's handicap, and whether or not the decision was made in good faith is irrelevant; the applicant or employee is just as discriminated against if the decision is made in good faith as he is if the decision is made in bad faith (MCL 37.1101 *et seq.;* MSA 3.550[101] *et seq.).*

*O'Farrell, Basner & Smith* (by *Rod O'Farrell),* for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Thomas F. James* and *Daniel J. Cline),* for defendant.

Before: BRONSON, P.J., and R. B. BURNS and R. L. BORSOS,* JJ.

BRONSON, P.J. Following a nonjury trial, the circuit court entered a judgment of no cause of action on plaintiff's claim for damages and injunctive relief based on defendant's alleged violation of the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.* Plaintiff appeals as of right.

Plaintiff was first employed with defendant in 1971 as a laborer in the core department of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Nodular Iron Plant of the Chevrolet Motor Division of General Motors Corporation. After a year of employment, plaintiff developed a back problem. On January 4, 1978, plaintiff was injured at work when a forklift truck struck her. When she returned to work four months later, plaintiff had various medical restrictions: no chipping or grinding, no bending over 30 degrees, no air hammer, no lifting over five pounds, a sit-down job and 40 hours of work per week. When plaintiff returned to work, she presented the foreman with her restriction slips. In a couple of instances, the foreman was able to provide plaintiff with work, but for an overall period of time, plaintiff was sent home with a special pass marked "no work available within the employee's restrictions".

Plaintiff is "handicapped" within the meaning of MCL 37.1103(c); MSA 3.550(103)(c). *Wardlow v Great Lakes Express Co,* 128 Mich App 54; 339 NW2d 670 (1983). A person bringing an action under the Handicappers' Civil Rights Act has the initial burden of proving that the employer violated the act. Plaintiff met this burden through testimony that defendant failed to provide her with work because of her physical restrictions or handicaps. *Wardlow,* p 66. At that point, the burden shifted to defendant to show that it could not reasonably accommodate plaintiff without undue hardship. Whether or not defendant acted in good faith or without discriminatory intent is irrelevant to plaintiff's action. *Wardlow,* pp 69-70.

The instant case presents this Court with the issues left unresolved in *Wardlow, supra, i.e.,* (1) what is the nature and extent of an employer's duty to accommodate an employee's handicaps and (2) what constitutes "undue hardship" sufficient to relieve the employer of its duty to accommodate a

handicapped employee,[1] MCL 37.1102(2); MSA 3.550(102)(2).

Defendant employed a number of employees with medical restrictions. Company representatives testified to the usual company procedure for accommodating employees with restrictions. A restricted employee was sent home with the special pass only after the general foreman had inquired of all department supervisors whether work was available for the specific employee. This procedure was followed in plaintiff's case.

Plaintiff contends that defendant failed to sustain its burden of proving that further accommodation would have unduly burdened defendant. Contrary to plaintiff's assertion, defendant was not confined to showing undue hardship by introducing a cost analysis specific to plaintiff's situation. Instead, defendant sought to meet its burden by introducing evidence that: (1) disputed plaintiff's ability to perform certain jobs she claimed could be performed with her restrictions;[2] (2) there is a practical limitation to the number of favored jobs which are available within a particular plant and the accommodation of plaintiff would most likely result in the displacement of another employee with physical restrictions; and (3) defendant was prohibited from transferring plaintiff to a plant other than the Nodular Iron Plant by established labor and other contractual procedures.

Defendant's claims, if fully supported by the evidence, would sufficiently meet its burden of

[1] Anticipating the presentation of these issues, I suggested in my concurrence in *Wardlow, supra,* p 71, that the Department of Civil Rights promulgate standards to eliminate the "uncertainties" which pervade this area of the law". To date, no such rules have been published.

[2] Plaintiff herself admitted at a hearing held before the Department of Civil Rights that she was aware that there were no jobs available in her plant within her restrictions.

showing that it could not reasonably accommodate plaintiff without undue hardship. The trial court did not, however, make specific findings on the evidence introduced by defendant on this question of reasonable accommodation without undue hardship. We, therefore, find it necessary to remand this case to the trial court to afford it the opportunity of determining whether defendant had sustained its burden of proof on that issue.

Remanded. We do not retain jurisdiction.