863 F.2d 884
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter S. THURMAN, Plaintiff-Appellant,
v.
CHRYSLER CORPORATION; United Automobile, Aerospace &
Agriculture Workers of America, Defendants-Appellees.
 No. 88-1442.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1988.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Walter S. Thurman appeals from the judgment of the district court in favor of defendants Chrysler Corporation and the United Automobile, Aerospace and Agriculture Workers of America.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Thurman sued Chrysler and the UAW alleging state-tort claims of breach of contract and tortuous interference with an employment relationship with Chrysler and a breach of the duty of fair representation with the UAW. The district court granted Chrysler's and the UAW's motions for summary judgment. The court held that Thurman's claims were preempted by Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185; that Thurman failed to exhaust his intra-union remedies; and that Thurman's failure to exhaust necessitated the dismissal of his claims.
 
 
 4
 Upon review, we conclude that summary judgment in favor of defendants was not error and that the judgment of the district court should be affirmed for the reasons stated by the court in its March 30, 1988 order. The defendants were entitled to judgment as a matter of law based upon the undisputed material facts. See Celotex Corp. v. Catrett, 477 U.S. 317 (1983); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Because resolution of his state-tort claims would require a review and analysis of the collective bargaining agreement between the parties, plaintiff's claims are indeed preempted by Sec. 301 of the LMRA. See Smolarek v. Chrysler Corp., 858 F.2d 1165, 1167-68 (6th Cir.1988) (per curiam). Even as construed under Sec. 301, however, the suit was properly dismissed because plaintiff failed to demonstrate that his failure to exhaust intra-union remedies should be excused under the circumstances of this case.
 
 
 5
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.