ROURK v OAKWOOD HOSPITAL CORPORATION

Docket No. 104997. Argued January 6, 1998 (Calendar No. 2). Decided
June 17, 1998.

Melania Rourk, a registered nurse, brought an action in the Wayne
Circuit Court against Oakwood Hospital Corporation, alleging that
the hospital had violated the Handicappers' Civil Rights Act in fail-
ing to retrain her for a new position after a medical restriction ren-
dered her unable to perform her job and, ultimately, terminating
her employment when she was unable to return to work. The
court, James E. Mies, J., granted summary disposition for the
defendant. The Court of Appeals, GRIBBS, P.J., and REILLY and
MARKMAN, JJ., affirmed in an unpublished order (Docket No.
165637). The plaintiff appeals.

In an opinion by Justice WEAVER, joined by Chief Justice MALLETT,
and Justices BRICKLEY, BOYLE, and TAYLOR, the Supreme Court held:

An employer's duty under the Handicappers' Civil Rights Act to
accommodate a handicapped employee does not include the duty
to transfer the employee to a different job or position.

1. A person is handicapped under MCL 37.1103; MSA 3.550(103)
whose physical or mental condition substantially limits one or
more major life activity and is unrelated to the person's ability to
perform a particular job or position with or without accommoda-
tion. Under MCL 37.1102(2); MSA 3.550(102)(2), an employer must
accommodate a handicapper unless the accommodation would
impose an undue hardship. Under MCL 37.1210(1); MSA
3.550(210)(1), a plaintiff bears the burden of proving an employer
violated the HCRA accommodation mandate. If the plaintiff is suc-
cessful, the burden shifts to the employer to demonstrate that it
cannot reasonably accommodate the plaintiff without undue hard-
ship. The HCRA does not define accommodation, nor does it discuss
the scope of the accommodation required.

2. Amendment in 1990 of MCL 37.1103(l)(i); MSA 3.550(103)(l)(i)
adding the "with or without accommodation" language lowered the
threshold of proof of a handicap by providing that a person is
handicapped even if some accommodation is necessary to allow
performance of the duties of a particular job or position. The exis-
tence of a handicap is to be determined with reference to the job

actually held or applied for. While MCL 37.1210; MSA 3.550(210) recognizes specific types of accommodation, it does not encompass job transfers. The accommodation provisions evidence an attempt to balance the rights of the handicapper with those of the employer, defining what is a reasonable cost to impose on employers and what would impose an undue hardship. It is for the courts to determine whether the burden of a requested accommodation imposes an undue hardship. Implicit in the statute is a standard of reasonableness.

Affirmed.

Justice CAVANAGH, joined by Justice KELLY, dissenting, stated that under the Handicappers' Civil Rights Act, an employer has a duty to transfer an employee to a vacant position for which the employee is qualified and which imposes no undue hardship on the employer. The only limitation the act places on the duty to accommodate is that the accommodation may not impose an undue hardship on the employer. Instead of focusing on whether the accommodation imposes an undue hardship on the employer, the majority concludes that a transfer is not a reasonable accommodation. The act does not define accommodation; therefore, any accommodation is required unless it imposes an undue hardship on the employer. In this case, the employer did not claim that the requested transfer was an undue hardship.

*Messing, Palmer & Waibel, P.C.* (by *Charles W. Palmer*), for plaintiff-appellant.

*Dykema, Gossett, P.L.L.C.* (by *Paul H. Townsend, Jr.*, and *Kiffi Y. Ford*), for defendant-appellee.

Amici Curiae:

*Clark, Hill, P.L.C.* (by *Duane L. Tarnacki* and *J. Walker Henry*), for Michigan Manufacturers Association.

*Stark & Gordon* (by *Sheldon J. Stark* and *Carol A. Laughbaum*) for Michigan Trial Lawyers Association.

*Stewart R. Hakola* for Michigan Protection & Advocacy Service.

WEAVER, J. We granted leave in this case to determine whether an employer's duty to accommodate a handicapped employee includes the duty to transfer that employee to a different job or position under the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* We hold that it does not and, therefore, affirm the Court of Appeals affirmance of the trial court's grant of summary disposition for defendant.

I

Plaintiff Rourk was employed by defendant hospital as a registered nurse. On June 16, 1990, she suffered a shoulder injury in a nonwork related automobile accident. Plaintiff was placed on medical leave the following day. The injury left her with a lifting restriction not to exceed five pounds that rendered her unable to perform her duties as a registered nurse. One year later, plaintiff approached defendant about the possibility of working in its utilization review department. Plaintiff was not qualified for the position without additional training. Because plaintiff was facing another surgery and would require additional training for the requested position, she ultimately requested that her medical leave be extended. Defendant granted this request, extending leave another six months. On January 3, 1992, plaintiff's employment was terminated because she was unable to return to her regular nursing position.

On July 13, 1992, plaintiff filed this lawsuit in the Wayne Circuit Court, alleging that defendant violated the HCRA by failing to place her in an available position she could have performed with her restrictions. The trial judge granted defendant's motion for sum-

mary disposition because plaintiff admitted that she could not perform the duties of a registered nurse. The Court of Appeals affirmed.

II

The HCRA guarantees the "opportunity to obtain employment, housing, and other real estate and full and equal utilization of public accommodations, public services, and educational facilities without discrimination because of a handicap . . . ." MCL 37.1102(1); MSA 3.550(102)(1). A person is handicapped under the HCRA whose physical or mental condition substantially limits one or more major life activity and is unrelated to the person's ability to perform a particular job or position with or without accommodation. MCL 37.1103; MSA 3.550(103). In the case presented, plaintiff argues that her employer was obligated under the HCRA's accommodation provisions to transfer plaintiff to a different job. For the purposes of employment, the HCRA mandates that "a person shall accommodate a handicapper . . . unless the person demonstrates that the accommodation would impose an undue hardship." MCL 37.1102(2); MSA 3.550(102)(2). The plaintiff bears the burden of proving an employer violated the HCRA accommodation mandate; if the plaintiff is successful, the burden shifts to the employer to demonstrate that it cannot reasonably accommodate the plaintiff without undue hardship. MCL 37.1210(1); MSA 3.550(210)(1); *Gloss v General Motors Corp*, 138 Mich App 281; 360 NW2d 596 (1984).

An examination of the HCRA definition of "handicap" and the statute's mandate that an employer accommodate handicappers reveals that the concept of accom-

modation arises in two contexts in the HCRA. The concept of accommodation first arises in the definition of "handicap." To be handicapped, one must be able to perform a job "with or without accommodation." MCL 37.1103(1)(i); MSA 3.550(103)(1)(i). The second appearance of the concept of accommodation requires an employer to accommodate an employee if that employee establishes a handicap and requires some accommodation to perform the job. MCL 37.1102(2); MSA 3.550(102)(2). The duty to accommodate arises in the second context in this case.[1] However, we find no indication in the statute that the Legislature intended to require different scopes of accommodation in the two contexts.

The HCRA does not define accommodation, nor does it discuss the scope of the accommodation required. Despite the absence of such language in the statute, plaintiff contends that the duty to accommodate includes transferring her to a new position. Whether the duty to accommodate includes a duty to transfer was addressed by the Court of Appeals in *Rancour v Detroit Edison Co*, 150 Mich App 276; 388 NW2d 336 (1986). Considering the question under the pre-1990 version of the statute, the Court of Appeals held that job transfers were not among the accommodations owed by an employer to a handicapped employee.[2]

---

[1] The status of plaintiff Rourk as handicapped is not disputed by the defendant hospital, although it appears from the record that she was unable to perform her duties as a registered nurse.

[2] *Rancour* concluded that the duty to accommodate under the HCRA was limited to (1) the alteration of physical structures to allow access to the place of employment, and (2) modification of peripheral duties to allow job performance. *Id.*, p 287.

"The first kind of accommodation is necessary to provide access to the place of employment. It may include the installation of a

The panel found that the scope of the duty to accommodate was ambiguous but concluded that it would be inappropriate for the Court to decide "the extent of the burden to be placed on employers to provide jobs for employees who, because of injuries sustained on the job, are no longer able to perform the job for which they were hired. A decision in this regard cannot be made without serious consideration of the impact on the Worker's Disability Compensation Act . . . ." *Id.*, p 286. Unlike *Rancour*, the physical condition at issue in this case is not work related, so there is no interplay with worker's disability compensation issues. For the reasons that follow, we find that *Rancour*'s conclusion that there was no duty to accommodate in the form of job transfers under the pre-1990 version of the HCRA also holds true under the post-1990 amended HCRA.

Before the 1990 amendments of the HCRA, this Court found that the language "unrelated to the individual's ability to perform the duties of a particular job or position" supported a narrow interpretation of handicap. In *Carr v General Motors Corp*, 425 Mich 313; 389 NW2d 686 (1986), the plaintiff requested a transfer to a position that required lifting in excess of his medical restriction. When denied the transfer, the plaintiff filed an HCRA claim. We rejected the plaintiff's argument that the defendant was required to make

---

ramp or elevator or the reassignment of parking spaces. The second kind of accommodation is necessary to permit actual performance of the job duties. It may include the reassignment of certain peripheral duties to other employees or the rearrangement of equipment or fixtures in the work area." [*Id.*, quoting *Wardlow v Great Lakes Express Co*, 128 Mich App 54, 65; 339 NW2d 670 (1983).]

accommodations in the new position for his lifting restriction. Because his medical condition affected his ability to perform the job, this Court concluded under the plain language of the definition that he was not handicapped.[3]

In 1990, the Legislature modified "[u]nrelated to the individual's ability" with the phrase "with or without accommodation, an individual's handicap does not prevent the individual from . . . performing the duties of a particular job or position." MCL 37.1103(1)(i); MSA 3.550(103)(1)(i). This version of the act is at issue in this case. We find that the addition of the language "with or without accommodation" lowers the threshold of proof of a handicap by providing that an individual is handicapped even if some accommodation is necessary to allow that individual to perform the duties of a particular job or position. The amendment overturned the narrow holding of *Carr*, and the addition of the language "with or without accommodation" guarantees that an individual otherwise qualified for a particular job or position is entitled to some accommodation if needed. However, we disagree with plaintiff that the modification expanded the form accommodations must take. Had the Legislature intended to redefine accommodation, it would have done so expressly.

---

[3] Unlike the case presented, the plaintiff in *Carr* did not seek accommodation in the form of a transfer to the new position, but rather that the defendant alter the new position for which he was applying to accommodate his handicap. The *Carr* decision did not address the question presented in this case, i.e., whether accommodation includes the duty to transfer handicappers to new positions, but, rather, *Carr* addressed whether a person who required accommodation in order to perform the job sought was handicapped.

Analogy to federal law supports our conclusion that there is no duty to transfer under the HCRA.[4] The actual language of the ADA requires accommodation in the form of reassignment. It states in pertinent part: "The term 'reasonable accommodation' may include . . . reassignment to a vacant position . . . ." 42 USC 12111(9)(B). We agree that the Legislature examined the proposed language of the ADA in drafting the HCRA because it adopted similar language. However, we also note that the 1990 amendment of the HCRA was adopted and took immediate effect on June 25, 1990, while the ADA was enacted on July 26, 1990. Because the HCRA failed to expressly require reassignment as a form of accommodation, as is required in the ADA, and because it was enacted before the ADA, we cannot assume that the Legislature intended to impose such a requirement. Given that the Legislature did not expressly require a duty to transfer as a form of accommodation, the holding in *Rancour* remains intact, and we adopt its conclusion.

Our review of the new provisions discussing accommodation finds the holding in *Rancour* further reinforced. Section 210 addresses when accommodation may impose an undue hardship on employers. MCL 37.1210; MSA 3.550(210). It specifically recognizes the following types of accommodation:

---

[4] Likewise, the Vocational Rehabilitation Act, 29 USC 701 *et seq.*, did not require that an employer transfer an employee to another position as a means of "reasonable accommodation." See *Carter v Tisch*, 822 F2d 465 (CA 4, 1987); *Wimbley v Bolger*, 642 F Supp 481 (WD Tenn, 1986), aff'd without opinion 831 F2d 298 (CA 6, 1987). In 1992, the Vocational Rehabilitation Act was amended so that its standards mirrored those of the ADA. See 29 USC 794(d). The duty to transfer was imposed upon the employer under the Vocational Rehabilitation Act only after the 1992 amendment. See *Woodman v Runyon*, 132 F3d 1330 (CA 10, 1997); *Robinson v Runyon*, 987 F Supp 620, 622 (ND Ohio, 1997).

(1) purchasing equipment and devices, (2) reasonable routine maintenance or repair of such equipment and devices, (3) hiring readers and interpreters, and (4) restructuring jobs and altering schedules for minor and infrequent duties. MCL 37.1210(2)-(5), (7)-(11), (14)-(15); MSA 3.550(210)(2)-(5), (7)-(11), (14)-(15). The types of accommodation listed in subsections 1-3 clearly fall within the two categories described in *Rancour* and do not encompass job transfers. See n 3. Nor does accommodation in the form of "restructuring [jobs] and altering the schedules . . . to minor or infrequent duties" imply transferring an individual to an entirely different job. We do not contend, as the dissent suggests, that § 210 provides an "exhaustive list" of accommodations. Rather, we look to § 210 for guidance regarding the scope of accommodation intended by the Legislature. The specificity of § 210 simply does not support plaintiff's expansive interpretation of the duty to accommodate.

Rourk claims her physical restrictions were unrelated to her ability to perform other jobs for defendant hospital and that, therefore, she was entitled to a transfer. However, to open the spectrum of jobs against which an employee's physical or mental condition is gauged would fail to give meaning to the definition of handicap's language "a particular job or position." As this phrase is used in the definition of handicap, it is arguably ambiguous whether the Legislature intended the job currently held by the claimant or any job for which the claimant might be qualified. For the following reasons, we conclude that the Legislature intended that the existence of a handicap be determined with reference to the job actually held or applied for by HCRA claimants.

The definition of handicap states that a plaintiff's condition must be "unrelated to the individual's qualifications for employment or promotion." MCL 37.1103(e)(i)(A); MSA 3.550(103)(e)(i)(A). The "qualifications" of employees or applicants for a job is a fact-specific inquiry that is driven by the specific job for which they were hired or were applying. Rourk was qualified and hired to perform the functions of a nurse. Her injuries rendered her unable to perform those functions. Nonetheless, Rourk claims that she is entitled to a job transfer, because she can perform other jobs for the defendant.

We find it would be illogical to conclude that plaintiff is handicapped or is entitled to a job transfer under the HCRA because she is qualified to perform another position despite her physical restrictions. To disassociate employee qualifications from the jobs for which they were hired or for which they are being considered would effectively bind employers permanently to their employees. Even when an employee is unable to perform the duties for which originally hired or currently being considered, the employer would have to place the employee in another position. It is not for the courts to impose such a burden on employers in the absence of express, unequivocal language from the Legislature. Further, there is no actual or implied support in the statute for the imposition of such a burden. Examining the use of the language "to perform the duties of a particular job or position" against other provisions using the same language clarifies that the Legislature intended the inquiry to focus on the job for which plaintiff was originally hired.

Section 202, which sets forth actions prohibited to employers, repeats this exact language, "to perform the duties of a particular job or position," in three subsections. These subsections provide that an employer shall not:

> (a) Fail or refuse to hire, recruit, or promote . . . .
> (b) Discharge or otherwise discriminate . . . with respect to compensation or the terms, conditions, or privileges of employment . . . .
> (c) Limit, segregate, or classify . . . in a way which deprives or tends to deprive an individual of employment opportunities . . . because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position. [MCL 37.1202; MSA 3.550(202).]

An employer hires, recruits, and promotes individuals with reference to their abilities to perform specific jobs, not purely to put them on its payroll. An employer compensates an employee and sets the terms, conditions, and privileges of employment on the basis of the employee's qualifications for a specific job. If "a particular job or position" in this context meant "any particular job or position," it would remove the relevance of an employee's qualifications to hiring, recruiting, or promotion and would render impossible the task of setting objective compensation structures.

Finally, we find that the accommodation provisions of the HCRA evidence an attempt to balance the rights of the handicapper with those of the employer. With regard to the types of accommodation addressed in § 210, the Legislature has carefully defined what is a reasonable cost to impose on employers and what would impose an undue hardship. The reasonableness of the cost depends on the size of the employer and

the type of accommodation at issue. MCL 37.1210(2)-(6), (8)-(13); MSA 3.550(210)(2)-(6), (8)-(13). Accommodations beyond those listed in § 210 must not impose an undue hardship on the employer. MCL 37.1210(1); MSA 3.550(210)(1).[5] Beyond these provisions, the Legislature has failed to define accommodation. Therefore, it is for the courts to determine whether the burden of a requested accommodation imposes an undue hardship, for implicit in the statute is a standard of reasonableness.[6] In concluding that transferring these employees to available vacant positions "does not pose any financial hardship," the dissent fails to comprehend the expense inevitably incurred in retraining and ultimately replacing the person claiming accommodation. Absent a requirement expressly stated within the statute that the duty to accommodate includes job transfers, we decline to impose such a requirement.

We conclude that plaintiff Rourk was not entitled to a job transfer under the HCRA. The decision of the Court of Appeals is affirmed.

MALLETT, C.J., and BRICKLEY, BOYLE, and TAYLOR, JJ., concurred with WEAVER, J.

CAVANAGH, J. (*dissenting*). I write separately because I believe that under the Handicappers' Civil

---

[5] Again, the dissent's assumption that we would limit the form accommodation may take to only those accommodations listed in § 210 is incorrect. We expressly recognize that § 210 does not provide an exhaustive list of accommodations. It is for the courts to decide whether a proposed accommodation is reasonable.

[6] For example, in *Hall v Hackley Hosp*, 210 Mich App 48; 532 NW2d 893 (1995), the Court of Appeals stated that requiring the defendant to ban smoking in a psychiatric medical center was not reasonable. The question of reasonableness in that case was not driven by cost, but rather by medical considerations.

Rights Act, MCL· 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, an employer has a duty to transfer an employee to a vacant position for which the employee is qualified and which imposes no undue hardship on the employer. For those reasons, I dissent from the majority's reasoning and result.

DUTY TO TRANSFER UNDER THE HCRA

I cannot agree with the majority that under either the pre-1990 or the 1990 version of the Handicappers' Civil Rights Act, an employer is not required to accommodate a handicapped individual by transferring her to a vacant position for which she is qualified. On the basis of the language contained in the HCRA, I would hold that an employer has such a duty. The only limitation the HCRA places on the duty to accommodate is that the accommodation may not impose an undue hardship on the employer. The employer has not alleged undue hardship.

Whether an employer must transfer an employee to a vacant position for which the employee is qualified relates to the employer's specific duty to accommodate handicapped individuals. This is the second stage of the burden-shifting approach under the act. The act provides:

> [A] person shall accommodate a handicapper for purposes of employment, public accommodation, public service, education, or housing unless the person demonstrates that the accommodation would impose an undue hardship. [MCL 37.1102(2); MSA 3.550(102)(2).]

The majority relies on a 1986 Michigan Court of Appeals case to hold that the duty to accommodate does not include a transfer to a vacant position for which the employee is qualified. *Ante* at 29, citing

*Rancour v Detroit Edison Co*, 150 Mich App 276; 388 NW2d 336 (1986). However, *Rancour*'s limitation of the duty to accommodate does not find any support in the language of the HCRA itself. Indeed, *Rancour* is a judicial limitation of a broadly defined act, where the act states that an employer "shall accommodate a handicapper . . . unless the person demonstrates that the accommodation would impose an undue hardship." Under the express terms of the statute, the only limitation on the range of possible accommodations are those that, because of their financial costs, impose an undue hardship on the employer.[1]

Once the prima facie case is proven, the burden shifts to the employer to prove that accommodation would impose an undue hardship. However, instead of focusing on whether the accommodation imposes an undue hardship on the employer, the majority concludes that a transfer is not a reasonable accommodation. There is no provision in the act defining "reasonable accommodation"; the only limitation on an accommodation contained within the act is the requirement that the accommodation may not impose an "undue hardship" on the employer.

The majority has incorrectly implied in its holding that § 210 of the HCRA expressly lists only those accommodations required of an employer.[2] *Ante* at 32-33. In fact, the majority goes so far as to state that "[a]bsent a requirement expressly stated within the

---

[1] Of course, I do not mean to imply that a plaintiff is not required to meet the qualification requirements for a particular job or that an employer must give preferential treatment to a handicapped individual. The act clearly places these limitations on a handicapped individual.

[2] We note that subsections 210(2) through (16) do not apply to public employers. MCL 37.1210(17)(a); MSA 3.550(210)(17)(a).

statute . . . the duty to accommodate includes job transfers, we decline to impose such a requirement." *Id.* at 36.[3]

However, a careful reading of § 210 reveals no express list of required accommodations. Indeed, § 210 does not even contain a suggested list of required accommodations. Rather, § 210 relates to the burden of proof and *cost* of accommodation as undue hardship. MCL 37.1210; MSA 3.550(210). Section 210 lists nineteen different provisions relating to the *amount of money* an employer must expend before accommodation is deemed an undue hardship. The language contained in § 210 contains examples like, "*if* the person . . . is required . . . to purchase any equipment or device to accommodate . . . the total cost required to be paid . . . is limited to an amount equal to the state average weekly wage." MCL 37.1210(2); MSA 3.550(210)(2) (emphasis added). Or "*if* the person . . . is required to hire . . . readers or interpreters . . . the cost required to be paid . . . is limited to . . . 7 times the state average weekly wage . . . ." MCL 37.1210(8); MSA 3.550(210)(8) (emphasis added).

For the majority to state that only those suggestions listed in § 210 are required for accommodation is completely contrary to the act itself. Furthermore, it is incorrect to imply that § 210 contains an exhaustive list of possible accommodations. It would be entirely impossible for the Legislature to compile a

---

[3] While the majority states that it "expressly recognize[s] that § 210 does not provide an exhaustive list of accommodations," *id.* at 36, n 5, it contradicts its own holding that "[a]bsent a requirement expressly stated within the statute that the duty to accommodate includes job transfers, we decline to impose such a requirement." *Id.* at 36.

list of possible accommodations, where there are literally hundreds of actionable handicaps, each with its unique set of circumstances requiring accommodation.

Rather, the language of the act speaks for itself. The act requires "accommodation" unless there is an "undue hardship." It does not define accommodation; therefore, any accommodation is required unless it imposes an undue hardship on the employer.[4] In *Rourk*, the employer did not claim that the requested transfer was an "undue hardship." Indeed, it would be quite difficult to make such a claim, because in each case the position was vacant and the handicapped individual was qualified to do the work.[5]

In further support of my position, not only does the act fail to affirmatively exclude reassignment as a possible accommodation, it specifically contemplates limited job restructuring. MCL 37.1210(14); MSA 3.550(210)(14).[6] While I understand that job restructuring and job reassignment are separate concepts, the point is that the employer must change or modify job duties under either approach, unless it shows hardship.

---

[4] Subject, of course, to the prima facie requirements contained in subsection 210(1).

[5] The majority apparently recognizes that "[a]ccommodations beyond those listed in § 210" may be required by the act if they do not "impose an undue hardship on the employer." *Ante* at 36. However, after recognizing that the duty to transfer is something "beyond these provisions," the majority fails to engage in an "undue hardship" analysis. Perhaps this is so because, at least in these two cases, a transfer to a vacant position does not pose any financial hardship on the employers. *Id.*

[6] Under the provisions of MCL 37.1210(14); MSA 3.550(210)(14), a person who employs fewer than fifteen employees is not required to restructure a job.

Finally, the majority's holding not only strikes against the duty to transfer an individual to a vacant position for which the individual is qualified, it also precludes all other reasonable accommodations that impose no undue hardship on the employer that are not expressly contained in the cost provisions of § 210. If the Legislature had intended an express list, it would have included such a list in the language of the HCRA. It clearly has not done so. Therefore, this Court should not limit the scope of the HCRA beyond what the Legislature expressly intended.

The types of reasonable accommodations that now may be precluded because of the majority's narrow reading of the statute include: reserving parking spaces close to a work site; making restrooms accessible; removing raised thresholds; rearranging office furniture and equipment; providing an "accessible path of travel" to equipment and facilities; allowing diabetics to eat at varying times; modifying examinations, training materials, or policies; permitting use of accrued paid leave or unpaid leave for necessary treatment; making transportation provided by employer accessible; providing a personal assistant for certain job-related functions, such as a page turner for a person with no hands, or providing a sighted guide to assist a blind employee on an occasional business trip. While these accommodations may not cause an "undue hardship" on the employer, they do not neatly fit into the majority's four types of accommodation: (1) purchasing equipment or devices, (2) routine maintenance or repair of such equipment or devices, (3) hiring readers and interpreters, and (4) restructuring jobs and altering schedules for minor and infrequent duties. Perhaps this is so because the

cost requirements of § 210 are not intended to be an exhaustive list of accommodations.

For these reasons, I believe that the HCRA requires an employer to accommodate a handicapped employee by transferring her to a vacant position for which she is qualified. Therefore, I believe plaintiff has stated a claim under the HCRA.

KELLY, J., concurred with CAVANAGH, J.