# STATE OF MICHIGAN

# COURT OF APPEALS

---

TENITA WEBB-EATON, a/k/a TENITA WEBB
EATON,

        Plaintiff-Appellee,

v

WAYNE COUNTY COMMUNITY COLLEGE
DISTRICT, DORIS FIELDS, MADELINE
DIEDO, PRADATSUNDARASAR SUKHTA,
DORESEA LEWIS, MARY BEYERS,
DEBORAH WATSON, and CURTIS L. IVERY,

        Defendants,

and

CLARISSA SHAVERS,

        Defendant-Appellant.

UNPUBLISHED
February 21, 2017

No. 328068
Wayne Circuit Court
LC No. 13-012060-NZ

---

TENITA WEBB-EATON, a/k/a TENITA WEBB
EATON,

        Plaintiff-Appellee,

v

WAYNE COUNTY COMMUNITY COLLEGE
DISTRICT, DORIS FIELDS, CLARISSA
SHAVERS, MADELINE DIEDO,
PRADATSUNDARASAR SUKHTA, DORESEA
LEWIS, MARY BEYERS, and DEBORAH
WATSON,

        Defendant-Appellants,

and

No. 328069
Wayne Circuit Court
LC No. 03-012060-NZ

-1-

CURTIS L. IVERY,

Defendant.

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

K. F. KELLY, P.J. (*concurring*).

I agree that plaintiff's claims should have been summarily dismissed. However, I write separately regarding plaintiff's claim under the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.*, because I believe that plaintiff is not disabled under the statute where plaintiff's latex allergy is related to her ability to utilize and benefit from the nursing program.

Although there is little authority on what amounts to an unrelated disability in the context of article 4 of the PWDCRA, cases involving other articles of the act provide guidance. See *Fonseca v Mich State Univ*, 214 Mich App 28, 30; 542 NW2d 273 (1995) ("Because the educational provisions of the [PWDCRA] have received little judicial interpretation and because the statutory language employs terms of art used and judicially interpreted extensively in the specialized by extensive field of employment discrimination, we look to these decisions to help us interpret and apply the law to the facts."). In *Rourk v Oakwood Hosp Corp*, 458 Mich 25; 580 NW3d 397 (1998), our Supreme Court addressed an employment discrimination claim under the PWDCRA, then known as the Handicapper's Civil Rights Act. *Id*. at 27. The Court explained:

> In 1990, the Legislature modified "[u]nrelated to the individual's ability" with the phrase "with or without accommodation, an individual's handicap does not prevent the individual from . . . performing the duties of a particular job or position." MCL 37.1103(l)(i); MSA 3.550(103)(l)(i).[1] This version of the act is at issue in this case. We find that the addition of the language "with or without accommodation" lowers the threshold of proof of a handicap by providing that an individual is handicapped even if some accommodation is necessary to allow that individual to perform the duties of a particular job or position. The amendment overturned the narrow holding of *Carr* [*v Gen Motors Corp*, 425 Mich 313; 389 NW2d 686 (1986), amended 426 Mich 1231 (1986),] and the addition of the language "with or without accommodation" guarantees that an individual otherwise qualified for a particular job or position is entitled to some accommodation if needed. However, we disagree with plaintiff that the modification expanded the form accommodations must take. Had the Legislature intended to redefine accommodation, it would have done so expressly. [*Id*. at 31.]

---

[1] Specifically, the PWDCRA, then known as the Handicapper's Civil Rights Act (HCRA), was amended by 1990 PA 121, which took effect on June 25, 1990.

Plaintiff argues that the presence of latex is the only barrier to her successful completion of the nursing program, and that her claim may survive because the use of latex is not absolutely necessary to WCCCD's nursing program. Under *Rourk*, there could be some support for plaintiff's theory. One could argue that because the same "with or without accommodation" language applies to the definition of a disability under Article 4 of the PWDCRA, see MCL 37.1103(*l*)(*iii*), plaintiff's allergy is unrelated to her ability to utilize and benefit from the nursing program even if some accommodation is necessary. Under *Rourk*, the inquiry becomes what sort of accommodations must be made. See *Rourk*, 458 Mich at 32-33 (because job transfers were not a type of accommodation recognized by statute, the plaintiff could not avoid the conclusion that his disability was related to his employment by contending that he could perform a different job with the same employer). Under the PWDCRA, "a person shall accommodate a person with a disability for purposes of . . . education . . . unless the person demonstrates that the accommodation would impose an undue hardship." MCL 37.1102(2).

Ultimately, plaintiff's claim fails because defendants cannot remove all latex from the nursing program. To successfully complete the nursing program, plaintiff must complete clinical rotations at local hospitals. While plaintiff contends that virtually every hospital is now latex-free, the record demonstrates the opposite. Contrary to plaintiff's characterization of their testimony, no witness testified that any hospital has entirely removed latex from its facilities. Rather, the witnesses all testified that hospitals have made some accommodations, such as having latex-free areas within the hospital or having non-latex supplies available for those patients who, like plaintiff, have a latex allergy. Defendants cannot control whether latex is present in local hospitals. Because an integral part of the nursing program is the completion of clinical rotations at local hospitals, it would not simply be an undue hardship for defendants to accommodate plaintiff in the way that would be required; it would be an absolute impossibility. Thus, plaintiff's latex allergy is related to her ability to utilize and benefit from the nursing program.

In the trial court, and again on appeal, the parties have relied on cases predating *Rourk* and its interpretation of the statutory definition of an unrelated disability. I find those cases unavailing.[2] For its part, the trial court relied largely on an unpublished decision of this Court,

---

[2] Defendants rely on *Miller v Detroit*, 185 Mich App 789; 462 NW2d 856 (1990). In that case, wheelchair-bound individuals sued the city of Detroit in an effort to force the city to purchase and install wheelchair lifts on city buses. *Id*. at 790-792. This Court concluded that the plaintiffs' disability was related to their ability to utilize and benefit from the bus service because it was their disability that prevented these individuals from using the buses. *Id*. at 792. This conclusion would seem at least somewhat contrary to *Rourk*, which holds that a disability may exist under the PWDCRA even if some accommodation is required. *Rourk*, 458 Mich at 31.

For her part, plaintiff relies on *Crancer v Bd of Regents of the Univ of Mich*, 156 Mich App 790; 402 NW2d 90 (1986). In that case, this Court explained what was necessary to establish a claim under the PWDCRA: the existence of a disability, "that [the plaintiff] is qualified for the educational opportunity sought in spite of [the disability]," and "that, in spite of the above qualifications, she is not being afforded an equal opportunity to secure the educational

*Tyler v Fowlerville Comm Sch Dist*, unpublished opinion per curiam of the Court of Appeals, issued April 5, 2011 (Docket No. 295906). The trial court seemed to conclude that under *Tyler*, whether a disability is unrelated to the individual's ability to utilize and benefit from an educational program is always a question of fact. *Tyler* stands for no such premise. Properly understood, *Tyler* merely held that under the unique facts of that case, the jury's conclusion that the plaintiff did not have a disability under the PWDCRA was supported by the great weight of the evidence. *Id*. at 3. And in any event, because it is unpublished, *Tyler* is of no precedential value. MCR 7.215(C)(1).

The trial court also stated that it would be inequitable to dismiss plaintiff's claim because WCCCD accepted her into the nursing program despite knowing that she had a latex allergy. Even when exercising its equitable powers, the trial court "must apply legislative enactments in accord with the plain intent of the legislature." *City of Lansing v Lansing Twp*, 356 Mich 641, 650; 97 NW2d 804 (1959). Whatever equitable considerations might arise, the trial court was still bound to follow our Legislature's directive that plaintiff's disability be unrelated to her ability to utilize and benefit from the nursing program in order to prevail.[3]

Having concluded that plaintiff's latex allergy is, in fact, related to her ability to utilize and benefit from the nursing program, I would likewise conclude that plaintiff does not have a disability under the PWDCRA. MCL 37.1103(d)(*i*)(C). And for this reason, her PWDCRA claim fails. *Pedenv v Detroit*, 470 Mich 195, 204; 680 NW2d 857 (2004). Thus, I concur with the majority that defendants were entitled to summary disposition.

/s/ Kirsten Frank Kelly

---

opportunity as other applicants." *Id*. at 795. Plaintiff argues that she satisfies the second element. While perhaps true, that argument overlooks the dispute in this matter, which is whether plaintiff has a disability in the first place.

[3] And in any event, one could easily argue that the equities are balanced, given that plaintiff, who was likewise fully aware of her allergy, chose to pursue a career field where she would frequently encounter latex.